Michael D. Braun (Bar No. 167416)
service@braunlawgroup.com
**BRAUN LAW GROUP, P.C.**
10680 W. Pico Blvd., Suite 280
Los Angeles, CA 90064
Phone: (310) 836-6000
Fax:     (310) 836-60106

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: (212) 682-1818
Facsimile: (212) 682-1892
bmurray@murrayfrank.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUFNAGLE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RINO INTERANTIONAL CORPORATION, DEJUN ZOU, JENNY LIU, BEN WANG, LI YU, KENNETH C. JOHNSON, JIANPING QIU, XIE QUAN, and ZEJIN LI,<br><br>Defendants. | Case No. CV10-8695 VBR(VBKx)<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**<br><br>Date:  February 14, 2011<br>Time:  1:30 p.m.<br>Ctrm:  9<br>Judge: Hon. Valerie Baker Fairbank |
| ALI BAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RINO INTERANTIONAL CORPORATION, DEJUN ZOU, BEN WANG, YI LIU a/k/a JENNY LIU, and YU LI,<br><br>Defendants. | Case No. CV10-1754 CJC(RNBx)<br><br><u>CLASS ACTION</u> |

| | | |
|---|---|---|
| 1 | | |
| 2 | ALAN STEVENS, Individually and on Behalf of All Others Similarly Situated, | : Case No. CV10-9011 PA(VBKx) |
| 3 | Plaintiff, | : CLASS ACTION |
| 4 | v. | : |
| 5 | RINO INTERANTIONAL CORPORATION, ZOU DEJUN, QIU JIANPING, JENNY LIU, BEN WANG, YU LI, KENNITH C. JOHNSON, QUAN XIE and LI ZEJIN, | : |
| 6 | | : |
| 7 | | : |
| 8 | Defendants. | : |
| 9 | BRENDA CHAU, Individually and on Behalf of All Others Similarly Situated, | : Case No. CV10-09517 RGK (PJWx) |
| 10 | | : |
| 11 | Plaintiff, | : CLASS ACTION |
| 12 | v. | : |
| 13 | RINO INTERANTIONAL CORPORATION, JIAPING QIU, DEJUN ZOU, KENNETH C. JOHNSON, XIE QUAN, ZEJIN LI, JENNY LIU, BRUCE RICHARDSON, QUAN XIE and WEIGUO ZHANG, | : |
| 14 | | : |
| 15 | | : |
| 16 | | : |
| 17 | Defendants. | : |
| 18 | XI ZHANG, Individually and on Behalf of All Others Similarly Situated, | : Case No. CV10-01887 CJC (RNBx) |
| 19 | | : |
| 20 | Plaintiff, | : CLASS ACTION |
| 21 | v. | : |
| 22 | RINO INTERANTIONAL CORPORATION, KENNITH C. JOHNSON, ZEJIN LI, JENNY LIU, JIANPING QIU, XIE QUAN, BEN WANG, LI YU, WEIGUO ZHANG, and DEJUN ZOU, | : |
| 23 | | : |
| 24 | | : |
| 25 | Defendants. | : |
| 26 | | |
| 27 | | |
| 28 | | |

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | PAUL H. VU, Individually and on Behalf of All Others Similarly Situated, | : Case No. CV10-01908 AG (MLGx) |
| 3 | | : <u>CLASS ACTION</u> |
| 4 | Plaintiff, | : |
|   | v. | : |
| 5 | | : |
| 6 | RINO INTERANTIONAL CORPORATION, ZOU DEJUN, BEN WANG, YI LIU a/k/a JENNY LIU, BRUCE RICHARDSON, YU LI, QIU JIANPING, KENNITH C. JOHNSON, QUAN XIE, ZEJIN LI and WEIGUO ZHANG, | : |
| 7 | | : |
| 8 | | : |
| 9 | | : |
| 10 | Defendants. | |

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................1

SUMMARY OF FACTS ............................................................................................2

PROCEDURAL HISTORY........................................................................................3

ARGUMENT ..............................................................................................................4

    A.    Consolidation is Appropriate ......................................................................4

    B.    Ms. Lim Should Be Appointed Lead Plaintiff ...........................................5

        1.    Ms. Lim Has Moved To Be Appointed Lead Plaintiff ........................6

        2.    Ms. Lim Has The Largest Financial Interest Submitted by a Plaintiff for the Class.................................................................................7

        3.    Ms. Lim Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure ........................................................8

        4.    Ms. Lim Is Presumptively the Most Adequate Lead Plaintiff............10

    C.    Ms. Lim's Choice of Counsel Should Be Approved.................................11

CONCLUSION..........................................................................................................12

# TABLE OF AUTHORITIES

**Rules and Statutes**

Fed. R. Civ. P. 23 ............................................................................................ passim

Fed. R. Civ. P. 42(a) ................................................................................................4

Securities Exchange Act of 1934, Rule 10b-5 .........................................................4

Securities Exchange Act of 1934, Section 10(b) ................................................1, 4

Securities Exchange Act of 1934, Section 20(a) ................................................1, 4

Securities Exchange Act of 1934, Section 21D(a)(3)(B)(ii) ...................... 4, 5, 7, 10

**Cases**

*Curry v. Hansen Medical, Inc.*,
  Case Nos. 09-cv-5094-JF, 09-cv-5212-JW, 09-cv-5367-JRB,
  2010 WL 702432 (N.D. Cal. Feb. 25, 2010) ........................................................7

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) ................................................................................8

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ..........................................................................7, 10

*In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
  693 F.2d 847 (9th Cir. 1982) ................................................................................8

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ..............................................................................10

*Takeda v. Turbodyne Techs., Inc.*,
  67 F.Supp.2d 1129 (C.D. Cal. 1999) ....................................................................5

*Tanne v. Autobytel, Inc.*,
  226 F.R.D. 659 (C.D. Cal. 2005) .........................................................................8

Lead Plaintiff Movant Rosalina Lim submits this Memorandum of Law in Support of her Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Counsel.

## INTRODUCTION

Movant seeks to be appointed Lead Plaintiff in this federal securities class action (the "Action") brought on behalf of all persons or entities who purchased or otherwise acquired the common stock of RINO International Corporation ("RINO" or the "Company") securities (the "Class") during the period May 15, 2008 through November 19, 2010[1], inclusive (the "Class Period"), seeking to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a). Named as defendants are RINO and certain of its directors and executive officers.

Movant argues that consolidation is appropriate because the actions involve common questions of law or fact. In addition, Movant argues that she should be appointed Lead Plaintiff because she: (1) timely moved for appointment as Lead Plaintiff; (2) has the largest financial interest in the Action of any Movant who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure; and (3) will adequately represent the interests of the Class. *See* 15 U.S.C. §§ 78u-

---

[1] On November 10, 2010, Plaintiff Susan Hufnagle filed the first case in the related actions, *Hufnagle v. RINO International Corporation, et al.*, Index No. CV10-8695. That action proposed a Class Period from March 31, 2009 through November 11, 2010, inclusive. Subsequently, on December 10, 2010, Plaintiff Brenda Chau filed a related action, *Chau v. RINO International Corporation, et al.*, Index No. CV10-9517, which expanded the proposed class period to include May 15, 2008 through November 19, 2010.

1(a)(3)(B)(iii). Finally, Movant argues that her selection of Murray, Frank & Sailer LLP ("Murray Frank") as Lead Counsel for the Class should be approved by the Court because, pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the presumptive Lead Plaintiff selects Lead Counsel, and Murray Frank has extensive experience in litigating claims of this type and will adequately represent the interests of Movant and the absent Class members.

## SUMMARY OF FACTS

Defendant RINO, through a number of subsidiaries, operates as an environmental protection and remediation company in the People's Republic of China. The Company is engaged in the business of designing, manufacturing, installing and servicing wastewater treatment and flue gas desulphurization equipment for use in China's iron and steel industry, and anti-oxidation products designed for use in the manufacture of hot-rolled steel plate products.

The complaints in the related actions allege that throughout the Class Period the defendants made false and/or misleading statements and omitted material adverse facts regarding RINO's financial performance, business prospects, and financial condition. Specifically, it is alleged that the amounts of revenue reported in RINO's annual reports for 2008 and 2009 filed with the SEC were substantially higher than the amounts of revenue reported in the Company's filings with China's State Administration of Industry and Commerce. For example, for 2009, RINO reported only $11 million of revenue to the Chinese authorities, while the Company reported revenue of $192.6 million to the

SEC. As a result of defendants' false statements, RINO's stock traded at artificially inflated prices during the Class Period.

On November 10, 2010, a market research and trading firm calling itself Muddy Waters released a report claiming that RINO engaged in substantial financial fraud, and indicating that the Company had filed false and misleading financial statements and press releases. In response to this news, the Company's stock dropped by approximately 28%, from a closing price of $15.52 per share on November 9, 2010 to a closing price of $11.10 per share on November 11, 2010.

Subsequently, on November 15, 2010, RINO announced its financial results for the third quarter of 2010. On the following day, November 16, 2010, the Company postponed a previously scheduled earnings conference call. Following this announcement, RINO's stock dropped from a closing price of $7.15 per share on November 16, 2010 to a closing price of $6.07 per share on November 17, 2010. Trading in the Company's stock was suspended at midday on November 17, 2010.

On November 19, 2010, RINO filed Forms 8-K with the SEC in which the Company acknowledged that certain of the allegations made by Muddy Waters were accurate, and that, among other things, the Company's previously reported financial statements for 2008, 2009, and 2010 should not be relied upon.

## PROCEDURAL HISTORY

Plaintiff Susan Hufnagle filed the first of the related actions on November 12, 2010, and on November 15, 2010 counsel for Ms. Hufnagle published the first notice of

the pendency of the case on BUSINESS WIRE, a widely circulated national business-oriented wire service. *See* Declaration of Michael Braun in Support of Motion of Rosalina Lim for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Counsel (the "Braun Declaration") at Exhibit A. Subsequently, five additional actions were filed, all of which are now before this Court.[2] Each of the complaints alleged substantially the facts described above and set forth the legal bases for plaintiff's claims, specifically Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §§78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission, 17 C.F.R. 10b-5.

Movant brings the instant motion for, inter alia, consolidation of the related cases, appointment as lead plaintiff, and approval of her selection of lead and liaison counsel.

## ARGUMENT

### A. Consolidation is Appropriate

Under Section 21D(a)(3)(B)(ii) of the Exchange Act, the Court must decide the motion to consolidate before determining the Lead Plaintiff. Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions, it may order all the actions consolidated, and it may

---

[2] These actions are: *Baig v. Rino International Corporation, Inc. et al.*, Index No. CV10-1754; *Stevens v. Rino International Corporation, Inc. et al.*, Index No. CV10-9011; *Chau v. Rino International Corporation, Inc. et al.*, Index No. CV10-9517; *Zhang v. Rino International Corporation, Inc. et al.*, Index No. CV10-1887; and *Vu v. Rino International Corporation, Inc. et al.*, Index No. CV10-1908.

make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact. Movant asks this Court to consolidate all related actions, as well as any other action now pending or hereafter filed in or transferred to this Judicial District as a class action on behalf of purchasers of the securities of RINO which arise out of the same facts as alleged in the above-referenced actions and allege violations of Section 10(b) of the Exchange Act.

The six class actions currently before the Court are ideally suited for consolidation pursuant to Rule 42, since they present virtually identical claims for relief based upon a single course of conduct, as described above. In fact, the complaints are substantially the same. Consolidation is appropriate when multiple cases "allege the same misrepresentations and omissions by" defendants and have similar class definitions. *Takeda v. Turbodyne Techs., Inc.*, 67 F.Supp.2d 1129, 1130 (C.D. Cal. 1999) (Morrow, J.). Since the complaints present similar issues of law and fact, consolidation of these actions promotes judicial economy by streamlining and simplifying pre-trial and discovery motions and class certification issues, and by reducing the waste, confusion, and delay that could result from multiple trials. *See id.* at 1133.

### B.  Ms. Lim Should Be Appointed Lead Plaintiff

Section 21(D)(a)(3)(B) of the PSLRA provides the procedure for selecting a Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a

5

published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as lead plaintiff is the person or group of persons that

    (aa) has either filed the complaint or made a motion in response to a notice. . .;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria and thus is entitled to the presumption that she is the "most adequate plaintiff."

### 1. Ms. Lim Has Moved To Be Appointed Lead Plaintiff

As set forth above, the time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §§ 78u-1(a)(3)(A) and (B) expires on January 14, 2011. Movant satisfied this requirement. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, Movant timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class. 15 U.S.C. §§ 78u-1(a)(3)(B)(ii)(bb).

Movant has provided signed certifications stating that she has reviewed a complaint in the actions and is willing to serve as a representative party in the Actions.

*See* Braun Declaration, Exhibit B. In addition, Movant has selected and retained experienced and competent counsel to represent herself and the Class. *See* résumés of Murray Frank and the Braun Law Group, P.C., attached to the Braun Declaration as Exhibit D.

Accordingly, Movant has satisfied the individual requirements of 15 U.S.C. §§ 78u-1(a)(3)(B) and is entitled to have her application for appointment as Lead Plaintiff and selection of Lead Counsel, as set forth herein, considered and approved by the Court.

### 2. Ms. Lim Has The Largest Financial Interest Submitted By A Plaintiff For The Class

In accordance with the PSLRA, a court shall adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

During the Class Period, Movant purchased shares of RINO common stock at a price alleged to be artificially inflated by defendants' materially false and misleading statements and omissions and, as a result, has suffered a loss of $27,233.79. *See* Braun Declaration, Exhibit C.

To the best of her knowledge, Movant believes that she has the largest known financial interest in this case of any Class member who timely filed an application for appointment as lead plaintiff and otherwise satisfies the requirements of Rule 23, and thus satisfies the largest financial interest requirement to be appointed as lead plaintiff for the Class. See 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb).

7

### 3. Ms. Lim Otherwise Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21(D)(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In determining that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *In re Cavanaugh*, 306 F.3d 726, 720 (9th Cir. 2002). At the lead plaintiff stage, courts limit their inquiry to whether a potential movant "satisfies the [] statutory requirements [of typicality and adequacy]." *Id.; see also Curry v. Hansen Medical, Inc.*, Case Nos. 09-cv-5094-JF, 09-cv-5212-JW, 09-cv-5367-JRB, 2010 WL 702432, *2 (N.D. Cal. Feb. 25, 2010) ("Because failure to satisfy prongs (1) or (2) [of Rule 23] would preclude certifying a class in the first instance, [the Court's assessment of a lead plaintiff motion] focuses on typicality and adequacy"). Movant satisfies both

the typicality and adequacy requirements of Rule 23, thereby justifying her appointment as Lead Plaintiff for the Class.

### a. Ms. Lim's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning RINO's financial performance, business prospects, and financial condition. Movant, like all members of the Class, purchased RINO shares during the Class period artificially inflated by defendants' misrepresentations and omissions, and were damaged thereby. Thus, Movant's claims are closely aligned with other Class members, and they are, therefore, typical of the other members of the Class.

### b. Ms. Lim Is An Adequate Representative

The Rule 23(a) adequacy of representation requirement is satisfied where it is established a representative party "will fairly and adequately protect the interest of the class." Accordingly:

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 667 (C.D. Cal. 2005) (*citing In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)). The class representative must also have "a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Tanne*, 226 F.R.D. at 667 (citation omitted).

Movant has demonstrated her adequacy as the lead plaintiff by evincing a strong desire to prosecute this action on behalf of the Class, and has shown that she is willing and able to take an active role in and control the litigation. Movant has communicated with experienced counsel concerning the initiation of this case and has made this motion to be appointed lead plaintiff. Movant is not aware of any antagonism between her interests and those of other Class members. Moreover, Movant has sustained substantial financial losses – in the amount of $27,233.79 – from her investment in RINO securities and is, therefore, motivated to pursue the claims in this action. *See* Braun Declaration, Exhibit C.

### 4. Ms. Lim Is Presumptively the Most Adequate Lead Plaintiff

The presumption in favor of appointing Movant as lead plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class;
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class

15 U.S.C. §78u-4(a)(3)(b)(iii)(I).

The presumption that Movant is the most adequate lead plaintiff is not, therefore, subject to rebuttal. Movant believes that she has the largest financial interest in this case among Class members who timely filed motions for appointment as lead plaintiff. Movant's ability to fairly and adequately represent the Class is discussed above. Movant is not aware of any unique defenses defendants could raise against her that would render her inadequate to represent the Class. In addition, as discussed below, Movant has selected and retained competent and experienced counsel to represent her and the Class. The adequacy requirement is met if there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Movant satisfies these requirements at this stage of the litigation and accordingly, should be appointed lead plaintiff for the Class.

### C. Ms. Lim's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to protect the interests of the plaintiff class. *See Cavanaugh*, 306 F.3d at 733. In the instant case, Movant has retained Murray, Frank & Sailer LLP to pursue this litigation on her behalf, and will retain this firm as plaintiff's lead counsel, in the event that Movant is appointed lead plaintiff. Movant has also retained the Braun Law Group, P.C. as liaison counsel. Murray, Frank & Sailer LLP possesses extensive experience in

11

securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm résumés attached to the Braun Declaration as Exhibit D.  Thus, the Court may be assured that, by granting Plaintiff's motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, Movant respectfully asks the Court to grant her motion and enter an Order (a) consolidating the related cases; (b) appointing Movant as lead plaintiff, and (C) approving her selection of Murray, Frank & Sailer LLP as Lead Counsel and the Braun Law Group, P.C. as Liaison Counsel, and granting such other relief as the Court may deem just and proper.

DATED: January 14, 2011

Respectfully Submitted,

**BRAUN LAW GROUP, P.C.**

By: _____/s/_____
Michael D. Braun, Esq.
10680 W. Pico Boulevard, Suite 280
Los Angeles, CA 90064
Phone: (310) 836-6000
Fax:    (310) 836-6010

[Proposed] Liaison Counsel

MURRAY, FRANK & SAILER LLP
Brian P. Murray
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: (212) 682-1818
Facsimile:  (212) 682-1892

**Counsel for Rosalina Lim and [Proposed] Lead Counsel for the Class**

*Counsel for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28