1  Steve W. Berman
   HAGENS BERMAN SOBOL SHAPIRO LLP
2  1918 Eighth Avenue, Suite 3300
   Seattle, WA 98101
3  Telephone: (206) 623-7292
   Facsimile: (206) 623-0594
4  steve@hbsslaw.com

5  Reed R. Kathrein (139304)
   Peter E. Borkon (212596)
6  HAGENS BERMAN SOBOL SHAPIRO LLP
   715 Hearst Avenue, Suite 202
7  Berkeley, CA 94710
   Telephone: (510) 725-3000
8  Facsimile: (510) 725-3001
   reed@hbsslaw.com
9  peterb@hbsslaw.com

10 Lee M. Gordon (174168)
   HAGENS BERMAN SOBOL SHAPIRO LLP
11 700 South Flower Street, Suite 2940
   Los Angeles, CA 90017
12 Telephone: (213) 330-7150
   Facsimile: (213) 330-7152
13 lee@hbsslaw.com

14 Counsel for Movants

15

16              UNITED STATES DISTRICT COURT

17             CENTRAL DISTRICT OF CALIFORNIA

18                    WESTERN DIVISION

19 SUSAN HUFNAGLE, Individually and   )   No. CV10-8695 VBF (VBKx)
   on Behalf of All Others Similarly  )
20 Situated,                          )
                                      )
21                       Plaintiff,   )   Date:       February 14, 20011
                                      )   Time:       1:30 p.m.
22       v.                           )   Courtroom:  9
                                      )   Judge:      Hon. Valerie Baker
23 RINO INTERNATIONAL                 )               Fairbank
   CORPORATION, DEJUN ZOU, JENNY )
24 LIU, BEN WANG, LI YU, KENNITH C. )
   JOHNSON, JIANPING QIU, XIE         )
25 QUAN, and ZEJIN LI,                )
                                      )
26                       Defendants.  )
   _____)

27

28

1

2   BRENDA CHAU, Individually and on )   No. 2:10-cv-09517-VBF -VBK
    Behalf of All Others Similarly Situated, )
3                                         )
                        Plaintiff,        )
4           v.                            )
                                          )
5   RINO INTERNATIONAL                    )
    CORPORATION et al.,                   )
6                                         )
                        Defendants.       )
7   _____)

8   LI BAIG, Individually and on Behalf of )   No. 8:10-cv-01754-VBF -VBK
    All Others Similarly Situated,         )
9                                          )
                        Plaintiff,         )
10          v.                             )
                                           )
11  RINO INTERNATIONAL                     )
    CORPORATION, DEJUN ZOU, BEN            )
12  WAN, YI LIU a/k/a JENNY LIU, and       )
    YU LI,                                 )
13                                         )
                        Defendants.        )
14  _____)

15  ALAN STEVENS, Individually and on )   No. 2:10-cv-09011-VBF -VBK
    Behalf of All Others Similarly Situated, )
16                                        )
                        Plaintiff,        )
17          v.                            )
                                          )
18  RINO INTERNATIONAL                    )
    CORPORATION, et al.,                  )
19                                        )
                        Defendants.       )
20  _____)

21  XI ZHANG, Individually and on Behalf )   No. 8:10-cv-01887-VBF -VBK
    of All Others Similarly Situated,     )
22                                        )
                        Plaintiff,        )
23          v.                            )
                                          )
24  RINO INTERNATIONAL                    )
    CORPORATION, KENNITH C.               )
25  JOHNSON, ZEJIN LI, JENNY LIU,         )
    JIANPING QIU, XIE QUAN, BEN           )
26  WANG, LI YU, WEIGUO ZHANG, and        )
    DEJUN ZOU,                            )
27                                        )
                        Defendants.       )
28  _____)

1

2    PAUL H VU, Individually and on Behalf )      No. 8:10-cv-01908-VBF -VBK
     of All Others Similarly Situated,      )

3                                           )
                              Plaintiff,    )

4          v.                               )

5    RINO INTERNATIONAL                     )
     CORPORATION, et al.,                   )

6                                           )
                              Defendants.   )

7    _____ )

8            **NOTICE OF MOTION, MOTION, AND MEMORANDUM OF LAW IN**
             **SUPPORT OF THE MOTION OF THE RINO SHAREHOLDER GROUP**
9            **FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND**
                      **APPROVAL OF PROPOSED LEAD COUNSEL**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

010220-11  418175 V1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Felix Chan, Alejandro Moreno, Anupam Khandelwal, Timothy Sean Sutherland and Patrick Stayner (collectively "RINO Shareholder Group") will hereby move on February 14, 2011, at 1:30 p.m., in Courtroom 9 of the United States Courthouse, 312 N. Spring Street, Los Angeles, California 90012, for an order: (1) consolidating related cases; (2) appointing the RINO Shareholder Group as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4, *et seq.*; and (3) approving their selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel for the Class.

This Motion is made on the grounds that the above captioned cases arise from the same operative facts and are appropriate for consolidation.  It is also made on the grounds that the RINO Shareholder Group timely filed their Motion, and is the "most adequate plaintiff[s]" by virtue of possessing the largest financial interest in the relief sought by the Class.  The RINO Shareholder Group also meets the requirements of Federal Rule of Civil Procedure 23 because its claims are typical of the claims of other class members, and the RINO Shareholder Group will fairly and adequately represent the Class.

Finally, the RINO Shareholder Group seeks this Court's approval of its selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel for the Class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

- i -

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   STATEMENT OF FACTS ............................................................................... 3

III.  ARGUMENT .................................................................................................. 4

      A.    The Related Cases Should Be Consolidated ........................................... 4

      B.    RINO Shareholder Group Should Be Appointed Lead Plaintiff ............ 7

            1.    RINO Shareholder Group Has the Largest Known
                  Financial Interest in the Relief Sought by the Class.................... 7

            2.    RINO Shareholder Group Is an Appropriate Lead
                  Plaintiff Group ........................................................................ 8

            3.    RINO Shareholder Group Otherwise Satisfies the
                  Requirements of Rule 23 ........................................................... 9

      C.    The Court Should Approve the RINO Shareholder Group's
            Selection of Lead Counsel .................................................................. 11

IV.   CONCLUSION ............................................................................................ 12

010220-11  418175 V1

1

# TABLE OF AUTHORITIES

2

3

## FEDERAL CASES

4

*Ferrari v. Gisch*
  225 F.R.D. 599 (C.D. Cal. 2004)..................................................8, 10

5

6

*Garber v. Randell*
  477 F.2d 711 (2d Cir. 1973) ......................................................6

7

8

*In re Cavanaugh*
  306 F.3d 726 (9th Cir. 2002) ....................................................7

9

10

*In re Equity Funding of Am. Sec. Litig.*
  416 F. Supp. 161 (C.D. Cal. 1976)..............................................6

11

12

*In re Versata, Inc. Sec. Litig.*
  2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 20, 2001)..................8

13

14

*Primavera Familienstiftung v. Askin*
  173 F.R.D. 115 (S.D.N.Y. 1997)................................................6

15

16

*Takeda v. Turbodyne Techs., Inc.*
  67 F. Supp. 2d 1129 (C.D. Cal. 1999)......................................7, 9, 10

17

*Tanne v. Autobytel, Inc.*
  226 F.R.D. 659 (C.D. Cal. 2005)............................................4, 7, 9, 10

18

19

*Weltz v. Lee*
  199 F.R.D. 129 (S.D.N.Y. 2001)................................................6

20

21

*Yousefi v. Lockheed Martin Corp.*
  70 F. Supp. 2d 1061 (C.D. Cal. 1999)........................................6

22

23

## FEDERAL STATUTES

24

15 United States Code

25

  § 21D(a)(3)(B)................................................................1, 5

26

  § 77z-1(a)(3)(B)(ii)............................................................5

27

28

- iii -

§§ 78(j)(b) ................................................................................................ 1

§ 78(t) ...................................................................................................... 1

§ 78u-4 .................................................................................................... 4

§ 78u-4(a)(3)(A) ...................................................................................... 4

§ 78u-4(a)(3)(B) ...................................................................................... 1

§§ 78u-4(a)(3)(B)(i) .............................................................................. 2, 7

§ 78u-4(a)(3)(B)(ii) ................................................................................. 5

§ 78u-4(a)(3)(B)(iii) ............................................................................... 7

§§ 78u-4(a)(3)(B)(iii)(I) ...................................................................... 2, 8

§ 78u-4(a)(3)(B)(iii)(II)(aa) ................................................................. 11

## FEDERAL RULES

Code of Federal Regulations

17 § 240.10b-5 ........................................................................................ 1

Federal Rule of Civil Procedure

23 ............................................................................................ 2, 9, 10, 12

42(a) ............................................................................................... 4, 5, 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Felix Chan, Alejandro Moreno, Anupam and Gaytri Khandelwal, Timothy

Sean Sutherland and Patrick Stayner (collectively the "RINO Shareholder Group")

respectfully submit this memorandum in support of their motion:  (1) to consolidate

the above-captioned related cases; (2) to be appointed as Lead Plaintiff, pursuant to

Section 21D(A)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"),

15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform

Act of 1995 (the "PSLRA"); and (3) for approval of their selection of Hagens

Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the Class.

## I.      PRELIMINARY STATEMENT

Currently pending before this Court are six class action cases (the "Actions")

brought on behalf of all persons who purchased securities of RINO International

Corporation ("RINO" or the "Company"), between May 15, 2008 and November 19,

2010 (the "Class Period").  The Actions allege violations of Sections 10(b) and 20(a)

of the Exchange Act as amended by the PRLSA (15 U.S.C. §§ 78(j)(b) and 78(t)),

and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against RINO and

certain of its executives officers.  The first case was filed on November 15, 2010,

and notice of the lawsuit was published that same day on the Business Newswire and

- 1 -

republished on November 19, 2010.  The published notice identified January 14,

2011, as the deadline for RINO investors to seek Lead Plaintiff status.[1]

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff"

to serve as Lead Plaintiff 15 U.S.C. §§ 78u-4(a)(3)(B)(i).  In making that

determination, the Court is required to decide which movant has the "largest

financial interest" in the relief sought by the Class and who also makes makes a

*prima facie* showing that they are an adequate class representative under Rule 23 of

the Federal Rules of Civil Procedure.  15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I).  For the

reasons set forth below, RINO Shareholders Group believes that it is the "most

adequate plaintiff" by virtue of its substantial investment in RINO securities.

Specifically, RINO Shareholder Group incurred losses $1,021,752.61 in connection

with its purchases of RINO securities during the Class Period.  The RINO

Shareholder Group also satisfies the relevant requirements of Rule 23 as its claims

are typical of the other class members and it will fairly and adequately represent the

Class.

The members of the RINO Shareholder Group decided to jointly seek

appointment as Lead Plaintiff for the benefit of the Class.  The members of the

RINO Shareholder Group are sophisticated investors with substantial losses and are

just the sort of investors the PSLRA contemplates serving as Lead Plaintiff.  The

---

[1]    A copy of the published notice is attached as Exhibit A to the Declaration of
Peter E. Borkon in Support of the Motion of the RINO Shareholder Group for
Consolidation, Appointment as Lead Plaintiff and Approval of Proposed Lead
Counsel ("Borkon Decl."), filed concurrently herewith.

- 2 -

RINO Shareholder Group also seeks approval of its selection of Hagens Berman as Lead Counsel.  Hagens Berman has significant experience as Lead Counsel in securities cases and will serve the Class efficiently and effectively.  Accordingly, the RINO Shareholder Group respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## II.    STATEMENT OF FACTS

RINO is a Nevada company with its principal place of business in the People's Republic of China.  RINO trades on the NASDAQ Stock Exchange under the ticker symbol of "RINO."  RINO is engaged in the business of environmental protection and remediation.  RINO's business consists of designing, manufacturing, installing and servicing wastewater treatment and flue gas desulphurization equipment principally for use in China's iron and steel industry, and anti-oxidant products and equipment designed for use in the manufacture of hot rolled steel plate products.  RINO is a holding company for several direct and indirect subsidiaries.  In numerous public statements and filings with the Securities Exchange Commission ("SEC") RINO and its subsidiaries reported financial growth due, in large part, to sales of its flue gas desulphurization equipment.  When the truth began to be revealed on November 10, 2010, it became apparent that at least five of the nine flue gas desulphurization equipment sales reported by RINO were false.  RINO's stock reacted by dropping 28 percent on a higher than average volume of sales.  Trading in shares of RINO was halted for several days and RINO subsequently announced that

several of its prior financial statements cannot be relied upon as accurate.  On January 13, 2011, RINO filed a Form 15 with the SEC announcing that it will terminate listing on the NASDAQ.

### III.    ARGUMENT

The PSLRA governs the selection of Lead Plaintiff in a class actions brought under the federal securities laws.  *See* 15 U.S.C. § 78u-4; *see also Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 664-65 (C.D. Cal. 2005).  Pursuant to the PSLRA, any member of the class may move for appointment as Lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  The RINO Shareholder Group satisfied this deadline by making this motion within 60 days of the publication of notice of the first-filed Action on November 15, 2010.

### A.    The Related Cases Should Be Consolidated

The Private Securities Litigation Reform Act of 1995 ("PSLRA"), Pub. L. No. 104-67, 109 Stat. 737 (1995) requires that the question of consolidation be decided prior to the determination of the appointment of Lead Plaintiff.  Consolidation of a securities class action is appropriate where the actions involve common questions of law and fact.  Fed. R. Civ. P. 42(a).[2]  The PSLRA also provides, among other things, for consolidation of substantially similar securities actions:

---

[2]    Fed. R. Civ. P. 42(a): Consolidation. When actions involving a common question of law or fact are pending before the Court . . . may order all the actions consolidated.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under § 21D(a)(3)(B)] until after the decision on the motion to consolidate is rendered.

15 U.S.C. § 77z-1(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii).[3]

Where more than one securities case is filed on behalf of a class based on substantially the same facts, the PSLRA establishes a two-step process for resolving lead plaintiff and consolidation issues.  The court "shall" first decide the consolidation issue and thereafter decide the lead plaintiff issue "[a]s soon as practicable" after the consolidation motion has been decided.  *Id.*

Given that the selection of lead plaintiff and lead counsel is the necessary first step to prosecute the actions, RINO Shareholder Group urges the Court to grant the consolidation motion as soon as practicable and consolidate these related actions under the lowest case number.  A prompt determination is reasonable and warranted under Federal Rule of Civil Procedure 42(a), given the common questions of fact and law presented by the actions now pending in this District.

---

[3]   All internal citations and quotations omitted and all emphasis added, unless otherwise indicated.

010220-11  418175 V1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper and routinely granted in actions such as this, where there are common questions of law and fact.  *See Yousefi v. Lockheed Martin Corp*., 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).  Courts have recognized that securities class actions, in particular, are ideally suited to consolidation pursuant to Federal Rule of Civil Procedure 42(a) because their unification expedites pretrial proceedings, reduces case duplication, avoids contacting of the parties and witnesses for inquiries in multiple proceedings, and minimizes the expenditure of time and money by all persons concerned.  *See*, *e.g.*, *In re Equity Funding of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976), *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997).  Indeed, ("[i]n securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact") and the parties will not be prejudiced.  *Id.* at 129.  Consolidating shareholder class actions streamlines and simplifies pre-trial and discovery proceedings, including motions, class action issues, clerical and administrative duties, and generally reduces the confusion and delay that result from prosecuting related actions separately before two or more judges.  *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973); *Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).

The actions pending before this Court present virtually identical factual issues, each one alleges violations of the federal securities and each action names the same defendants.  The differences in the complaints are minor and will be resolved upon

the filing of a consolidated complaint.  Because these actions are based on the same facts and involve the same subject matter, the same discovery will be relevant to all lawsuits.  Thus, consolidation is appropriate.

Accordingly, this Court should enter an Order that consolidates the related cases and all future related cases with the instant action.

## B.    RINO Shareholder Group Should Be Appointed Lead Plaintiff

RINO Shareholder Group respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *Autobytel*, 226 F.R.D. at 664; *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002) ("[T]he district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.").

### 1.    RINO Shareholder Group Has the Largest Known Financial Interest in the Relief Sought by the Class

RINO Shareholder Group should be appointed as Lead Plaintiff because it has the largest known interest in the relief sought by the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 730; *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1134 (C.D. Cal. 1999).  As demonstrated herein, RINO Shareholder Group sustained losses of $1,021,752.61.  *See* Borkon Decl., Exs. B and

C (Plaintiffs' Certifications and Loss Calculations).  To the best of the RINO

Shareholder Group's knowledge, there are no other applicants who have sought, or

are seeking appointment as Lead Plaintiff that have a larger financial interest arising

from transactions in RINO securities.  Accordingly, RINO Shareholder Group

believes that it has the largest financial interest of any qualified movant seeking

appointment as Lead Plaintiff.

> **2.    RINO Shareholder Group Is an Appropriate Lead Plaintiff Group**

The appointment of a group of class members as the Lead Plaintiff is

expressly permitted under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), and courts

in this District and others have recognized the propriety of appointing such groups.

*See, e.g. Ferrari v. Gisch*, 225 F.R.D. 599, 608-609 (C.D. Cal. 2004) (finding a lead

plaintiff group composed of three members "manageable number"); *In re Versata,

Inc. Sec. Litig.*, No. 01-cv-1439, 2001 U.S. Dist. LEXIS 24270, at *22 (N.D. Cal.

Aug. 20, 2001) ("This Court therefore finds that under appropriate circumstances

small groups, whether or not they have any pre-litigation relationship, can aggregate

their financial losses.").

Here, RINO Shareholder Group jointly seeks appointment as Lead plaintiff to

provide the Class with strong and diverse leadership.  As a result of their shared

goals and desire to work together as sophisticated and experienced investors, RINO

Shareholder Group authorized counsel to seek joint appointment as Lead Plaintiff

and, if appointed to jointly, lead this litigation to achieve those goals on behalf of the

010220-11  418175 V1

RINO Shareholder Group and the Class.  In the alternative, the members of the RINO shareholder Group are willing to move separately if the Court believes that is in the best interest of the Class.  The RINO Shareholders Group have met developed a decision making structure.  They have also agreed to periodic meetings and have selected counsel to represent them.  Because RINO Shareholder Group is a small, cohesive group of investor with the capacity to reach decisions and a structure in place to make decisions, their financial interests are properly aggregated for purposes of this Motion.

### 3. RINO Shareholder Group Otherwise Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, RINO Shareholder Group also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  On a motion asking the court to appoint Lead Plaintiff, the movant must only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.  *See Autobytel*, 226 F.R.D. at 666; *Takeda*, 67 F. Supp. 2d at 1136 ("A wide-ranging analysis under Rule 23 is not appropriate [at the initial stage of the litigation] and should be left for consideration on a motion for class certification . . . .  There is no need to require anything more than a preliminary showing at this stage.").  Here, RINO Shareholder Group unquestionably satisfies both requirements.

RINO Shareholder Group's claims are typical of the claims of the other purchaser's of RINO securities.  Under the typicality test, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Autobytel*, 226 F.R.D. at 666-67 (*citing to Takeda*, 67 F. Supp. 2d at 1136).  When considering whether a plaintiff has satisfied the typicality requirement, courts consider whether the named plaintiff's individual circumstances or legal theory upon which the claims are based are notably different from the other class members.  *Autobytel*, 226 F.R.D. at 666-67.  RINO Shareholder Group (1) purchased RINO securities during the Class Period; (2) at prices alleged to be artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby.  *See Id.* at 667.  Accordingly, RINO Shareholder Group is typical of the other members of the Class and the RINO Shareholder Group satisfies the typicality requirement of Rule 23.

RINO Shareholder Group also satisfies the adequacy requirement of Rule 23.  Under Rule 23, a representative party must "fairly and adequately protect the interests" of all class members.  *Gisch*, 225 F.R.D. at 607.  Representation is "adequate" when the Lead Plaintiff's interests are "not antagonistic to the interests of absent class members," the action is not likely to be collusive, class counsel is competent, and the class representative is willing to "vigorously prosecute" the case.  *Id.*  RINO Shareholder Group satisfies these elements because its interests are perfectly aligned with those of the other class members and are not antagonistic in

any way.  There are not facts to suggest any actual or potential conflict of interest or other antagonism between RINO Shareholder Group and other class members.  Each member of the RINO Shareholder Group submitted certification affirming their understanding of the duties owed to class members and their commitment to overseeing the prosecution of this Class Action.  *See* Borkon Decl. at Ex B.  As demonstrated, the members of the RINO Shareholder Group accept their obligations and they will assume them if appointed Lead Plaintiff in this action.  *Id.*

Further, the RINO Shareholder Group has demonstrated its adequacy by selecting competent counsel, Hagens Berman to represent the Class.  Hagens Berman is highly qualified and experienced in the area of securities litigation and the prosecution of complex class action litigation.  Hagens Berman has repeatedly demonstrated its ability to conduct complex and securities class action litigation effectively.  *See* Borkon Decl., Ex. D.

**C.     The Court Should Approve the RINO Shareholder Group's Selection of Lead Counsel**

The Court should approve RINO Shareholder Group's selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel.  The PSLRA states that a movant shall, subject to Court approval, select and retain counsel to represent the class they seek to represent, and the Court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to protect the interests of the class."  15 U.S.C. § 78u-

4(a)(3)(B)(iii)(II)(aa).  RINO Shareholder Group has retained Hagens Berman as proposed Lead Counsel.

Hagens Berman is among the top plaintiff securities class litigation firms in the country.  Hagens Berman has been repeatedly appointed as lead and co-lead counsel in this District and around the country.  *See* Borkon Decl., Ex. D (firm résumé). Accordingly, the Court should approve RINO Shareholder Group's selection of Hagens Berman as Lead Counsel.

### IV.   CONCLUSION

As demonstrated above, RINO Shareholder Group is the "most adequate plaintiff[s]" under the PSLRA.  RINO Shareholder Group has the "largest financial interest" in the relief sought by the class and it satisfies the requirements of Rule 23. Accordingly, the RINO Shareholder Group respectfully requests that the Court grants its motion to: (1) consolidate the six related cases; (2) appoint the RINO Shareholder Group as Lead Plaintiff; and (3) approve its selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel for the Class.

DATED:  January 14, 2011          HAGENS BERMAN SOBOL SHAPIRO LLP


                                 _____/s/ Lee M. Gordon_____
                                 LEE M. GORDON

                                 HAGENS BERMAN SOBOL SHAPIRO LLP
                                 700 South Flower Street, Suite 2940
                                 Los Angeles, CA  90017
                                 Telephone:  (213) 330-7150
                                 Facsimile:  (213) 330-7152
                                 lee@hbsslaw.com

010220-11 418175 V1

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

Reed R. Kathrein (139304)
Peter E. Borkon (212596)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: 510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
peterb@hbsslaw.com

Counsel for Movants

010220-11  418175 V1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List.  I hereby certify that I have caused the foregoing document or paper to be mailed via United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                      _____/s/ Lee M. Gordon_____
                                            LEE M. GORDON

- 14 -

# Mailing Information for a Case 2:10-cv-08695-VBF -VBK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael D Braun**
  service@braunlawgroup.com,mdb@braunlawgroup.com

- **Emily V Griffen**
  egriffen@shearman.com,rcheatham@shearman.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Phillip Kim
The Rosen Law Firm PA
275 Madison Avenue  34th Floor
New York, NY 10016
```