IZARD NOBEL LLP
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290
mkindall@izardnobel.com

[Proposed] Lead Counsel for Plaintiff
James Blackwood-Murray

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

-------------------------------------------------------------x

SUSAN HUFNAGLE, Individually and On
Behalf of All Others Similarly Situated,

                            Plaintiff,

        vs.

RINO INTERNATIONAL CORPORATION,
DEJUN ZOU, JENNY LIU, BEN WANG, LI YU,
and KENNETH C. JOHNSON,

                            Defendants.

-------------------------------------------------------------x

No. SACV 2:10-08695-VBF(VBKx)

**CLASS ACTION**

**NOTICE OF MOTION AND**
**MOTION OF JAMES**
**BLACKWOOD-MURRAY**
**FOR CONSOLIDATION,**
**APPOINTMENT AS LEAD**
**PLAINTIFF AND APPROVAL**
**OF SELECTION OF LEAD**
**COUNSEL; MEMORANDUM OF**
**POINTS AND AUTHORITIES**
**IN SUPPORT THEREOF**

DATE:       February 14, 2011
TIME:       1:30 p.m.
CTRM:       9, Spring Street
                  Los Angeles, CA
JUDGE:     Hon. Valerie Baker
                  Fairbank

```
-----------------------------------------------x
ALI BAIG, Individually and On                  )    No. SACV 8:10-1754-VBF(VBKx))
Behalf of All Others Similarly Situated,       )
                                               )
                    Plaintiff,                 )
                                               )
         vs.                                   )
                                               )
RINO INTERNATIONAL CORPORATION,                )
DEJUN ZOU, BEN WANG, YI LIU                    )
a/k/a JENNY LIU, and YU LI,                    )
                                               )
                    Defendants.                )
-----------------------------------------------x
-----------------------------------------------x
XI ZHANG, Individually and On                  )    No. SACV 8:10-1887-VBF(VBKx)
Behalf of All Others Similarly Situated,       )
                                               )
                    Plaintiff,                 )
                                               )
         vs.                                   )
                                               )
RINO INTERNATIONAL CORPORATION,                )
KENNETH C. JOHNSON, ZEJIN LI, JENNY LIU        )
JIANPING QUI, XIE QUAN, BEN WANG, LI YU,       )
WEIGUO ZHANG, and DEJUN ZOU,                   )
                                               )
                    Defendants.                )
-----------------------------------------------x
-----------------------------------------------x
PAUL H. VU, Individually and On                )    No. SACV 8:10-1908-VBF(VBKx)
Behalf of All Others Similarly Situated,       )
                                               )
                    Plaintiff,                 )
                                               )
         vs.                                   )
                                               )
RINO INTERNATIONAL CORPORATION,                )
DEJUN ZOU, BEN WANG, YI LIU                    )
a/k/a JENNY LIU, and YU LI,                    )
                                               )
                    Defendants.                )
-----------------------------------------------x
```

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

```
1   --------------------------------------------------x
2   ALAN STEVENS, Individually and On          )          No. SACV 2:10-9011-VBF(VBKx)
    Behalf of All Others Similarly Situated,   )
3                                              )
                    Plaintiff,                 )
4                                              )
5             vs.                              )
                                               )
6   RINO INTERNATIONAL CORPORATION,            )
    ZOU DEJUN, JIANPING QUI, JENNY             )
7   LIU, BEN WANG, YU LI, and KENNETH          )
8   C. JOHNSON,                                )
                                               )
9                   Defendants.                )
10  --------------------------------------------------x
    --------------------------------------------------x
11  BRENDA CHAU, Individually and On           )          No. SACV 2:10-9517-VBF(VBKx)
    Behalf of All Others Similarly Situated,   )
12                                             )
13                  Plaintiff,                 )
                                               )
14            vs.                              )
                                               )
15  RINO INTERNATIONAL CORPORATION,            )
16  JIANPING QUI,  DEJUN ZOU,                  )
    KENNETH C. JOHNSON, XIE QUAN,              )
17  ZEJIN LI, JENNY LIU, BRUCE                 )
    RICHARDSON, QUAN XIE, and WEIGUO           )
18  ZHANG,                                     )
19                                             )
                    Defendants.                )
20  --------------------------------------------------x
21
22
23
24
25
26
27
28
```

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation,
Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-
VBF(VBKx)

3

**NOTICE OF MOTION AND MOTION**

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Monday, February 14, 2011, at 1:30 P.M., or as soon thereafter as the matter may be heard before the Honorable Valerie Baker Fairbank United States District Judge for the Central District of California at Los Angeles, at 312 North Spring Street in Courtroom 9, Class Member James Blackwood-Murray ("Murray") will, and hereby does, move this Court for an order (i) consolidating the above-referenced actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointing Murray as Lead Plaintiff in this action pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); and (ii) approving Murray's choice of Izard Nobel LLP to serve as Lead Counsel.

This motion is made on grounds that Murray is the "most adequate plaintiff" pursuant to Section 21D(a)(3)(B) of the 1934 Act.  Moreover, Murray meets the requirements of Fed. R. Civ. P. 23 for the purposes of this Motion in that his claims are typical of the other Class Members' claims and he will fairly and adequately represent the Class.  In support of this Motion, Murray submits herewith a Memorandum of Points and Authorities and the Declaration of Mark P. Kindall.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF ISSUES TO BE DECIDED**

Presently pending in this District are six related class actions on behalf of purchasers of RINO International Corporation ("RINO" or the "Company") securities between May 15, 2008 and November 17, 2010, (the "Class" and the "Class Period") pursuant to the 1934 Act.[1]

---

[1] The related actions are: *Baig* v. *RINO International, et al.,* SACV 8:10-1754-VBF(VBKx);  *Hufnagle v. RINO International, et al.,* SACV 2:10-8695-VBF(VBKx); *Zhang v. RINO International, et al.,* SACV 8:10-1887-

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

2

Here, the above-referenced related actions should be consolidated because they each involve similar issues of law and fact and Murray should be appointed as lead plaintiff because: (i)  his motion is timely as it is filed within 60 days of the first published notice of this class action litigation against defendants; and (ii) Murray is the "most adequate plaintiff" within the meaning of 15 U.S.C. § 78u-4(a)(3)(B), because he has the largest financial interest of any Lead Plaintiff Movant in the relief sought by the Class, and otherwise meets the requirements of Fed.R. Civ. P. 23(a).  Finally, Murray's selection of Izard Nobel LLP as Lead Counsel should be approved, as Izard Nobel LLP has substantial experience prosecuting securities class action litigation.

## II.   SUMMARY OF THE ALLEGATIONS AGAINST THE DEFENDANTS

This is a class action for violations of the federal securities laws on behalf of all purchasers of RINO securities between May 15, 2008 and November 17, 2010, who were damaged thereby.

Plaintiffs allege, *inter alia*,  in their class action Complaints, that RINO, a Chinese manufacturer of environmental protection equipment for China's iron and steel industry, and certain of its officers and directors (collectively "defendants") violated Sections 10(b) and 20(a) of the 1934 Act and Rule 10b-5 promulgated thereunder by making materially false statements and/or failing to disclose fraudulently reported inflated revenues to the SEC and the investing public that were, for 2009, over 90 percent higher than the revenues reported to Chinese regulators.  In particular, the Complaints allege that RINO misled investors by reporting revenue from at least two customer contracts that did not exist.

On November 10, 2010, the research firm Muddy Waters LLC ("Muddy Waters") issued a report that called into question the Company's customer relationships, accounting and financial

VBF(VBKx); *Vu v. RINO International, et al.,* SACV 8:10-1908-VBF(VBKx); *Stevens v. RINO International, et al.,* SACV 2:10-9011-VBF(VBKx); and *Chau v. RINO International, et al,*. SACV 2:10-9517-VBF(VBKx).

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

3

results. The report also highlighted that on the same day that RINO closed a $100 million financing transaction, certain officers and directors borrowed $3.2 million from the Company to purchase a luxury home in Orange County, California.  Upon release of this report, RINO's stock price declined over 15% to $13.18 on November 10.

Over the next several days, RINO reported very disappointing third-quarter earnings, cancelled a planned earnings call with investors and failed to respond to the allegations in the Muddy Waters report.  On November 17, 2010, the NASDAQ halted trading in RINO, by which time the stock price had fallen to $6.07, a decrease of 61% over less than six trading days.

RINO has since announced that investors should not rely on its annual financial reports for the years ended December 31, 2008 and 2009, quarterly reports for the periods ended March 31, 2008 to September 30, 2009, and quarterly reports for the periods March 31, 2010 to September 30, 2010 to the extent that they incorporate results from 2008 and 2009.  The SEC has begun a formal investigation into the Company's financial reporting and compliance with the Foreign Corrupt Practices Act. On or about December 8, 2010, the NASDAQ delisted RINO's stock.

## III.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of the securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* Fed. R. Civ. P. 42(a))[2] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21(a)(3)(B)(iii) of the 1934 Act addresses the issue of consolidation of related securities actions:

---

[2]  *See* Fed. R. Civ. P. 42(a):  "Consolidation.  If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

4

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . .

*See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The related actions are suited for consolidation. The class action complaints are all brought by purchasers of RINO securities and contain similar allegations concerning defendants' material misrepresentations in violation of the 1934 Act. While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same facts and or subject matter and the same discovery will be relevant in all actions. *See Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *2 (N.D. Cal. 2002). These actions should therefore be consolidated.

## IV.  MURRAY SHOULD BE APPOINTED AS LEAD PLAINTIFF

### A.  The Procedure for Appointment of Lead Plaintiff Under the PSLRA

The PSLRA sets forth the procedure governing the appointment of Lead Plaintiff in each private action arising under the 1934 Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(1). Under the first step of this procedure, the plaintiff who files a putative class action under the Act must publish a notice advising members of the purported plaintiff class of the (i) pendency of the action, (ii) claims asserted therein, (iii) purported class and (iv) option of any member of the purported class to move to serve as lead plaintiff of the purported class not later than 60 days after the date on which the notice is published. *See* 15 U.S.C. §78u-4(a)(3)(A).

Under the PSLRA, the Court is then required to appoint as lead plaintiff the "most adequate plaintiff," which the Act defines as "the member or members of the purported plaintiff

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

5

class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. §78u-4(a)(3)(B)(I).  The PSLRA further provides:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
>
> (aa)   has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I);  *See In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The PSLRA further provides the presumption that the claimant with the largest loss should serve as lead plaintiff may be rebutted upon proof by a member of the purported plaintiff class that such claimant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Mohanity v. Big Band Networks, Inc.*, No. C 07-1501,  2008 WL 426250, at *3 (N.D. Cal. Feb. 14, 2008).

**B.**     **The Notice Requirements Under The PSLRA Have Been Satisfied**

The notice requirements set forth in 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(I) and (II) have been satisfied.  On November 15, 2010 Glancy Binkow & Goldberg LLP caused a notice to be published on *Business Wire* that advised purchasers of RINO common stock purchased during the Class Period of (i) the pendency of a securities class action against defendants, (ii) the claims asserted on behalf of the Class and (iii) the right of any Class Member to move the court to serve as lead plaintiff within the 60-day period (by January 14, 2011) (the "Notice"). *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 665 (C.D. Cal. 2005).[3]

---

[3]  A copy of the Notice is attached as Exhibit B to the Kindall Declaration.

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

6

### C.   Murray Has The Largest Financial Interest In The Relief Sought By The Class

According to the information provided in the Certification of Named Plaintiff submitted by Murray (Kindall Declaration, Exhibit A), Murray purchased 100,000 shares of RINO common stock during the Class Period at purchase prices totaling approximately $1,673,200 and sustained estimated losses of approximately $305,000.  Murray knows of no other Class Member who has sought to be Lead Plaintiff that possesses a larger financial interest in this litigation. Based on his significant losses, Murray has "the largest financial interest in the relief sought" by the Class.

### D.   Murray Has Satisfied The Other Requirements Of The PSLRA

Murray has satisfied each of the other requirements of the PSLRA.  First, he has signed a certification, under oath, which:

(i)     states that he has reviewed the Complaint;

(ii)    states that he did not purchase RINO securities at the direction of plaintiffs' counsel or in order to participate in any private action arising under the federal securities laws;

(iii)   states that he is willing to serve as representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv)    sets forth all of his transactions in the securities of RINO;

(iv)    states that he has not sought to serve, nor has he served, as a representative party on behalf of a class in any private federal securities action; and

(v)     states that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery.

*See* 15 U.S.C. §§ 78u-4(a)(2)(A)(i)-(vi); *Richardson v. TIVA, Inc.*, No. C 06-0634, 2007 WL 1129344, at *3 (N.D. Cal. April 16, 2007). [4]

---

[4]  Although there are two other requirements under Fed. R. Civ. P. 23(a), numerosity and commonality, at this stage of the litigation a proposed lead plaintiff need only make a  preliminary showing that he satisfy the typicality and

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

7

Second, according to 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." As interpreted by the courts, that provision of the PSLRA requires the proposed Lead Plaintiff to demonstrate that (i) the claims of the proposed lead plaintiff are typical of the claims of the class and (ii) the proposed lead plaintiff will fairly and adequately protect the interests of the class.  *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999); *In re Century Aluminum Company Secs. Litig.,* No. C 09-1001*, 2009 WL 2905962 (N.D. Cal. Sept 8, 2009).*

The "typicality" requirement of Rule 23(a)(3) is satisfied where the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other class members' claims, where these claims are based on the same legal theory, and where the class members and proposed class representative were injured by the same conduct.  *See Armour v. Network Assocs.,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).  The "adequacy" requirement of Rule 23(a)(4) is satisfied when no conflicts exist between the proposed lead plaintiff and the proposed class, and where the proposed lead plaintiff's counsel is qualified and experienced. *Straton v. Boeing Co.*, 327 F.R.D. 938, 957 (9th Cir. 2003).  Here, Murray's claims are typical of those claims belonging to all Class Members.  Murray, like all Class Members, maintains that he suffered losses due to defendants' materially false statements in violation of the federal securities laws.  Further, Murray's interests are clearly aligned with those of the Members of the Class, and there is no evidence of any antagonism between his interests and those of the Class.  Murray has also demonstrated that he will adequately represent the interests of the class by having obtained qualified and experienced counsel, and by submitting a Certification of Named Plaintiff to the Court indicating that he is willing to assume the responsibilities of lead plaintiff and class representative.  Accordingly, Murray has shown that his claims are typical of the claims of the

---

adequacy requirements of Rule 23. *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *1 (N.D. Cal Aug. 22, 2008).

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

Class within the meaning of Rule 23(a)(3), and that he will fairly and adequately represent the interests of the Class under Rule 23(a)(4).  *See Tanne*, 226 F.R.D. at 667-668.

### E.    The Court Should Approve Murray's Selection Of Lead Counsel

The PSLRA expressly provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class."  *See* Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995).

The Court should approve Murray's selection of Izard Nobel LLP as Lead Counsel.  As detailed in its firm resume (Kindall Declaration, Exhibit C), Izard Nobel LLP has extensive experience in the area of securities class action litigation.  Thus, the Court may be assured that the Class will receive the highest caliber of legal representation to vigorously advance its interests.

## V.    CONCLUSION

For the foregoing reasons, Murray respectfully requests that this Court consolidate the related actions, appoint him to serve as Lead Plaintiff on behalf of the Class and approve his selection of Izard Nobel LLP as Lead Counsel.

Dated: January 14, 2011                              Respectfully submitted,


                                                     IZARD NOBEL LLP

                                                     By:   /s/ Mark P. Kindall
                                                     Mark P. Kindall (138703)
                                                     29 South Main Street, Suite 215
                                                     West Hartford, Connecticut  06107
                                                     Tel.:  (860) 493-6292
                                                     Fax:   (860) 493-6290
                                                     mkindall@izardnobel.com

Of Counsel:
Jeffrey S. Nobel

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

Nancy A. Kulesa
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:   (860) 493-6290

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of January, 2011 this document was filed electronically and served via U.S. mail on all parties not registered electronically. Notice of this filing will be sent by e-mail to all parties denoted on the attached Electronic Mail Notification List by the Court's electronic filing system.

/s/ Mark P. Kindall
Mark P. Kindall (138703)
29 South Main Street, Suite 215
West Hartford, Connecticut  06107
Tel.:  (860) 493-6292
Fax:  (860) 493-6290
mkindall@izardnobel.com

# Mailing Information for a Case 2:10-cv-08695-VBF -VBK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael D Braun**
  service@braunlawgroup.com,mdb@braunlawgroup.com
- **Emily V Griffen**
  egriffen@shearman.com,rcheatham@shearman.com
- **Laurence M Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Phillip Kim
The Rosen Law Firm PA
275 Madison Avenue  34th Floor
New York, NY 10016
```

Memorandum of Points and Authorities in Support of Motion of James Blackwood-Murray for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel Civil Action No. SACV 10-8695-VBF(VBKx)

11