1  BARROWAY TOPAZ KESSLER
   MELTZER & CHECK, LLP
2  Ramzi Abadou (222567)
   rabadou@btkmc.com
3  Stacey M. Kaplan (241989)
4  skaplan@btkmc.com
   Erik D. Peterson (257098)
5  epeterson@btkmc.com
   580 California Street, Suite 1750
6  San Francisco, CA 94104
7  Telephone: (415) 400-3000
   Facsimile: (415) 400-3001
8
9  *[Proposed] Lead Counsel*

10

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **WESTERN DIVISION**

14  | SUSAN HUFNAGLE, Individually and on Behalf of All Others Similarly Situated, | ) No. 2:10-cv-08695-VBF (VBKx) |
    |---|---|
    | Plaintiff, | ) <u>CLASS ACTION</u> |
    | v. | ) NOTICE OF MOTION AND MOTION OF ANUPAM SARKAR FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |
    | RINO INTERNATIONAL CORPORATION, DEJUN ZOU, JENNY LIU, BEN WANG, LI YU, KENNITH C. JOHNSON, JIANPING QIU, XIE QUAN and ZEJIN LI, | |
    | Defendants. | ) DATE: February 14, 2011<br>) TIME: 1:30 p.m.<br>) ROOM: 9<br>) JUDGE: Hon. Valerie Baker Fairbank |

27  [Captions continued on next page]
28

| | | |
|---|---|---|
| 1 | ALI BAIG, Individually and on Behalf of All Others Similarly Situated, | ) No. 8:10-cv-01754-VBF (VBKx) ) |
| 2 | | ) |
| 3 | Plaintiff, | ) ) |
| 4 | v. | ) ) |
| 5 | RINO INTERNATIONAL CORPORATION, DEJUN ZOU, BEN WANG, YI LIU a/k/a JENNY LIU, and YU LI, | ) ) ) ) ) |
| 6 | | |
| 7 | | |
| 8 | Defendants. | ) ) |
| 9 | ALAN STEVENS, Individually and on Behalf of All Others Similarly Situated, | ) No. 2:10-cv-09011-VBF (VBKx) ) ) |
| 10 | | |
| 11 | | ) |
| 12 | Plaintiff, | ) ) |
| 13 | v. | ) ) |
| 14 | RINO INTERNATIONAL CORPORATION, ZOU DEJUN, QIU JIANPING, JENNY LIU, BEN WANG, YU LI and KENNITH C. JOHNSON, XIE QUAN and LI ZEJIN, | ) ) ) ) ) ) ) |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | Defendants. | |
| | XI ZHANG, Individually and on Behalf of All Others Similarly Situated, | ) No. 8:10-cv-01887-VBF (VBKx) ) |
| 19 | | ) |
| 20 | | ) ) |
| 21 | Plaintiff, | ) ) |
| 22 | v. | ) ) |
| 23 | RINO INTERNATIONAL CORPORATION, KENNETH C. JOHNSON, ZEJIN LI, JENNY LIU, JIANPING QIU, XIE QUAN, BEN WANG, LI YU, WEIGUO ZHANG, and DEJUN ZOU, | ) ) ) ) ) ) ) |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | Defendants. | ) |
| 28 | [Captions continued on next page] | |

| | | |
|---|---|---|
| 1 | BRENDA CHAU, Individually and on Behalf of All Others Similarly Situated, | ) No. 2:10-cv-09517-VBF (VBKx) |
| 2 | | ) |
| 3 | Plaintiff, | ) |
| 4 | v. | ) |
| 5 | | ) |
| 6 | RINO INTERNATIONAL CORPORATION, JIANPING QIU, DEJUN ZOU, KENNITH C. JOHNSON, XIE QUAN, ZEJIN LI, JENNY LIU, BRUCE RICHARDSON, QUAN XIE, and WEIGUO ZHANG, | ) |
| 10 | Defendants. | |
| 11 | PAUL H. VU, Individually and on Behalf of All Others Similarly Situated, | ) No. 8:10-cv-01908-VBF (VBKx) |
| 16 | RINO INTERNATIONAL CORPORATION, ZOU DEJUN, BEN WANG, YI LIU a/k/a JENNY LIU, BRUCE RICHARDSON, YU LI, QIU JIANPING, KENNITH C. JOHNSON, QUAN XIE, ZEJIN LI, and WEIGUO ZHANG, | ) |
| 21 | Defendants. | ) |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on February 14, 2011, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9, of the Honorable Valerie Baker Fairbank, Anupam Sarkar ("Mr. Sarkar") will move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) consolidating related actions; (2) appointing Mr. Sarkar as lead plaintiff; and (3) approving Mr. Sarkar's selection of Barroway Topaz Kessler Meltzer & Check, LLP ("Barroway Topaz") as lead counsel.

This Motion is made on the grounds that Mr. Sarkar is the "most adequate plaintiff" pursuant to the PSLRA. In support of this Motion, Mr. Sarkar submits herewith a Memorandum of Points and Authorities and the Declaration of Ramzi Abadou in Support of the Motion of Anupam Sarkar for Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel ("Abadou Decl.").[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PRELIMINARY STATEMENT

Currently pending in this District are six related class actions (the "Actions"), brought on behalf of all persons who purchased RINO International Corporation ("RINO" or the "Company") securities between May 15, 2008 and November 19, 2010 (the "Class Period").[2] The Actions similarly allege violations of Sections 10(b)

---

[1] Any member of the putative class may seek appointment as lead plaintiff, whether or not they have previously filed a complaint. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Because Mr. Sarkar cannot determine the identity of other possible lead plaintiff movants in advance of the motions being filed, he respectfully requests leave from compliance with the pre-motion conference requirement set forth in L.R. 7-3.

[2] The Actions allege differing class periods. *Chau v. RINO Int'l Corp.*, No. 2:10-cv-09517-VBF (VBKx), asserts the longest class period of May 15, 2008 to

and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA (15 U.S.C. §§78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), against RINO and certain of its executive officers ("Defendants"). The first Action was filed on November 12, 2010 by Susan Hufnagle. *See* Abadou Decl., Exhibit ("Ex.") A.

The Actions should be consolidated because they involve common issues of law and fact. *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)"); §III.A, *infra*. After the Court's ruling on consolidation, Mr. Sarkar should be selected as lead plaintiff because, to the best of his knowledge, he has the largest financial interest in the relief sought by the class. *See* Abadou Decl., Exs. B- C; *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *Apple v. LJ Int'l, Inc.*, 2008 U.S. Dist. LEXIS 12618, at *6-*7 (C.D. Cal. 2008). In addition, Mr. Sarkar satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because his claims are typical and he will fairly and adequately represent the class's interests. *See Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666-67 (C.D. Cal. 2005). Further, in accordance with the PSLRA, Mr. Sarkar's selection of lead counsel should be approved. *See* §III.D, *infra*; *Cavanaugh*, 306 F.3d at 734*; In re Cohen v. United States Dist. Court for the N. Dist. of Cal.*, 586 F.3d 703, 709 (9th Cir. 2009).[3]

## II.   SUMMARY OF THE ACTION

RINO describes itself as a leading provider of environmental protection equipment for the iron and steel industry in China. The Company, through its subsidiaries, designs, manufactures, installs and services proprietary and patented wastewater treatment, flue gas desulphurization equipment and high temperature anti-

---

November 19, 2010. For purposes of this motion, all references to the Class Period are to the most inclusive period pled to date. *See Bhojwani v. Pistiolis*, 2007 U.S. Dist. LEXIS 52139, at *14 (S.D.N.Y. 2007) ("Court finds that consolidating the ten proposed class actions…based on the more inclusive class period…is appropriate.").

[3]   Unless otherwise noted, all emphasis is added and internal citations are omitted.

oxidation systems, which are all designed to reduce either industrial pollution and/or improve energy utilization.

The Class Period commences on May 15, 2008, with the filing of RINO's quarterly report on Form 10-Q for the period ended March 31, 2008 with the Securities and Exchange Commission ("SEC"). The May 15, 2008 Form 10-Q reported that the Company earned revenues of $19 million for the quarter. At the time the first quarter Form 10-Q was filed, investors had no information suggesting that RINO's reported figures were completely fabricated. Additional false statements followed.

On March 31, 2009, the Company filed with the SEC its annual report on Form 10-K for the year ended December 31, 2008, reporting $139.3 million in revenue for fiscal year 2008. On March 31, 2010, the Company filed with the SEC its annual report on Form 10-K for the year ended December 31, 2009, reporting fiscal year 2009 revenue of $192.6 million. These filings, as well as other Class Period filings and statements, were materially false and misleading. Indeed, the Company's actual revenue, income and assets were substantially lower than what Defendants reported to investors.

On November 10, 2010, the truth about RINO's financial condition began to surface when Muddy Waters Research ("MW") – a market research firm specializing in analyzing Chinese companies – released a report on the Company. According to MW, RINO's Chinese regulatory filings show that the Company's 2009 revenue was only $11.1 million (as opposed to the $192.6 million figure reported to investors). The report also informed investors that, *inter alia*, RINO fabricated customer relationships and that RINO's management drained cash from the Company for personal uses. On this news, the Company's stock declined approximately 28 percent from a closing price of $15.52 per share on November 9, 2010, to close at $11.10 per share on November 11, 2010.

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-08695-VBF (VBKx)

Additional corrective news followed.  On November 15, 2010, the Company reported disappointing third quarter 2010 financial results that included significant declines in revenue, profits, and income as compared to the third quarter 2009.  The price of RINO's stock fell from a close of $11.01 per share on November 12, 2010, to a close at $7.55 per share on November 15, 2010, in response.  The next day, the Company postponed a previously scheduled earnings conference call.  The postponement led to further declines in the price of the Company's stock causing it to fall from a close of $7.15 per share on November 16, 2010, to a close of $6.07 per share on November 17, 2010.  At midday on November 17, 2010, trading in RINO stock was suspended – reportedly at the request of the Company based on advice of its counsel.

Finally, on November 19, 2010, RINO filed two Forms 8-K that indicated that certain of MW's allegations were accurate, at least two of the Company's contractual relationships were fabricated, and investors should no longer rely upon the 2008 and 2009 Annual Reports and the Forms 10-Q issued for the period that ended March 31, 2008 through September 30, 2010.  These developments led to the Company's December 2, 2010 announcement that the NASDAQ had informed the Company that it would be delisted.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). There are at least six related securities class actions pending in this District on behalf of investors who purchased RINO securities during the Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Hufnagle v. RINO Int'l Corp., et al.* | 2:10-cv-08695-VBF (VBKx) | 11/12/2010 |
| *Baig v. RINO Int'l Corp., et al.* | 8:10-cv-01754-VBF (VBKx) | 11/15/2010 |
| *Stevens v. RINO Int'l Corp., et al.* | 2:10-cv-09011-VBF (VBKx) | 11/22/2010 |
| *Zhang v. RINO Int'l Corp., et al.* | 8:10-cv-01887-VBF (VBKx) | 12/10/2010 |
| *Chau v. RINO Int'l Corp., et al.* | 2:10-cv-09517-VBF (VBKx) | 12/10/2010 |
| *Vu v. RINO Int'l Corp., et al.* | 8:10-cv-01908-VBF (VBKx) | 12/15/2010 |

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact. *See LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *4-*5. Here, the Actions present virtually identical factual and legal issues, arising out of the same alleged course of misconduct – the purchase of RINO securities at artificially inflated prices during the Class Period. Accordingly, consolidation is appropriate. *See id.*

**B.     The PSLRA's Lead Plaintiff Provisions**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Here, in connection with the filing of the first-filed action, *Hufnagle v. RINO Int'l Corp.*, No. 2:10-cv-08695-VBF (VBKx), notice was published on *Business Wire* on November 15, 2010. *See* Abadou Decl., Ex. A. Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

Third, within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)   has either filed the complaint or made a motion in response to a notice…;
>
> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23.

15 U.S.C. §78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 729-30.

The time period in which class members may move to be appointed lead plaintiff in this case expires on January 14, 2011. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Mr. Sarkar moves this Court to be appointed lead plaintiff on behalf of all members of the class. *See Autobytel*, 226 F.R.D. at 664. In addition, Mr. Sarkar has selected and retained counsel experienced in the prosecution of securities class actions to represent him and the class. *See* Abadou Decl., Ex. D. Accordingly, Mr. Sarkar satisfies the PSLRA's filing requirements and is entitled to have his application for appointment as lead plaintiff considered by the Court.

   **C.   Mr. Sarkar is the "Most Adequate Plaintiff"**

   **1.   Mr. Sarkar Has the Largest Financial Interest in the Relief Sought by the Class**

Mr. Sarkar suffered a loss of approximately $114,450 in connection with his Class Period purchases of RINO stock. *See* Abadou Decl., Exs. B-C. To the best of

1 his knowledge, this represents the largest financial interest in the relief sought by the
2 class. *See Cavanaugh*, 306 F.3d at 730-32; *Autobytel, Inc.*, 226 F.R.D. at 666.

### 2. Mr. Sarkar Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Although Rule 23 includes four requirements, at this stage of the litigation, only a preliminary showing of typicality and adequacy is required. *See Cavanaugh*, 306 F.3d at 730; *Autobytel, Inc.*, 226 F.R.D. at 666 ("'A wide ranging analysis is not appropriate' to determine whether [the movant] has made a prima facie showing that he satisfies the requirements of Rule 23, and 'should be left for consideration on a motion for class certification.'").

### a. Mr. Sarkar Is Typical

The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). The claims of the lead plaintiff, however, need not be identical to the claims of the class to satisfy typicality. *Id*.

Here, Mr. Sarkar is typical because, just like all other class members asserting claims under the Exchange Act, he: (1) purchased or otherwise acquired RINO securities during the Class Period; (2) at prices allegedly artificially inflated by

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-08695-VBF (VBKx)

-7-

1  Defendants' materially false and misleading statements and/or omissions; and (3)
2  suffered damages when corrective disclosures removed the inflation caused by
3  Defendants' conduct, causing the price of RINO's securities to fall.  *See Autobytel,*
4  226 F.R.D. at 667.  Thus, Mr. Sarkar's claims are typical of those of other class
5  members because his claims and the claims of other class members arise out of the
6  same course of events.  *See* 7 Herbert Newberg & Alba Conte, Newberg on Class
7  Actions §22.24, at 107-08 (4th ed. 2002) ("[t]he majority of class action decisions
8  support the view that when it is alleged that the same unlawful conduct was directed at
9  or affected both the named plaintiff and the class sought to be represented, the
10 typicality requirement is met").

### b. Mr. Sarkar Is Adequate

12 The adequacy requirement is met when "(1) counsel for the class is qualified
13 and competent; and (2) the representative's interests are not antagonistic to the interest
14 of absent class members." *See LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *17.  Mr.
15 Sarkar satisfies both of these elements.  First, as explained below, Mr. Sarkar has
16 selected a highly qualified firm with significant experience prosecuting class action
17 lawsuits under the federal securities laws to serve as lead counsel for the class.  *See*
18 §III.D, *infra*.  Second, there is no conflict between Mr. Sarkar and the class as both he
19 and the class seek to recover losses caused by Defendants' false and misleading
20 statements.

### D. The Court Should Approve Mr. Sarkar's Selection of Counsel

22 The party selected to serve as lead plaintiff "shall, subject to the approval of the
23 court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v);
24 *see also Autobytel*, 226 F.R.D. at 667 (noting that "[a] court may disturb the lead
25 plaintiff's choice of counsel only if it appears necessary to 'protect the interests of the
26 class'"); *LJ Int'l*, 2008 U.S. Dist. LEXIS 12618, at *17.  Mr. Sarkar has selected and
27 retained Barroway Topaz to serve as lead counsel for the class.  Barroway Topaz has
28

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-08695-VBF (VBKx)

extensive experience in securities litigation and is well qualified to represent the class. *See* Abadou Decl., Ex. D; *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 271 (S.D.N.Y. 2009) (approving Barroway Topaz as lead counsel, finding it "highly experienced in prosecuting securities class actions"); *Foley v. Transocean Ltd.*, 2011 U.S. Dist. LEXIS 1541, at *30 (S.D.N.Y. 2011) (finding Barroway Topaz has "the experience and necessary resources available to litigate this [PSLRA] case"); *Cohen*, 586 F.3d at 709.

## IV.   CONCLUSION

For the foregoing reasons, Mr. Sarkar respectfully requests that the Court: (1) consolidate all related actions; (2) appoint him as lead plaintiff pursuant to the PSLRA; and (3) approve his selection of Barroway Topaz to serve as lead counsel for the class.

Dated:   January 14, 2011          Respectfully submitted,

BARROWAY TOPAZ KESSLER MELTZER & CHECK, LLP

*/s/ Ramzi Abadou*
Ramzi Abadou
Stacey M. Kaplan
Erik D. Peterson
580 California Street, Suite 1750
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*[Proposed] Lead Counsel*

# CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I further certify that on January 14, 2011, I served the same document by U.S. Postal service on the following, who are not registered participants of the ECF system:

Darren J. Robbins
David C. Walton
David T. Wissbroecker
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Curtis V. Trinko
Law Offices of Curtis V. Trinko
16th West 46th Street, 7th Floor
New York, NY 10036

Reed R. Kathrein
Hagens Berman LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710

Lionel Z. Glancy
Michael M. Golderg
Robert V. Prongay
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

Christopher T. Heffelfinger
Matthew D. Pearson
Berman DeValerio
One California Street, Suite 900
San Francisco, CA 94101

Roy L. Jacobs
Roy Jacobs & Associates
60 East 42nd Street, 46th Floor
New York, NY 10165

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 14, 2011.

*/s/ Ramzi Abadou*
Ramzi Abadou

MOTION FOR LEAD PLAINTIFF APPOINTMENT
No. 10-cv-08695-VBF (VBKx)

-10-

# Mailing Information for a Case 2:10-cv-08695-VBF -VBK

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael D Braun**
  service@braunlawgroup.com,mdb@braunlawgroup.com

- **Emily V Griffen**
  egriffen@shearman.com,rcheatham@shearman.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Phillip Kim
The Rosen Law Firm PA
275 Madison Avenue  34th Floor
New York, NY 10016
```