Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| SUSAN HUFNAGLE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>RINO INTERNATIONAL CORPORATION, DEJUN ZOU, JENNY LIU, BEN WANG, LI YU, KENNITH C. JOHNSON, JIANPING QIU, XIE QUAN, and ZEJIN LI,<br><br>Defendants. | No.  2:10-cv-08695-VBF (VBKx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STREAM SICAV TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: HON. VALERIE BAKER FAIRBANK<br><br>Hearing Date: February 14, 2011<br>Time: 1:30 p.m.<br>CTRM: 9, Spring Street |

1

| | | |
|---|---|---|
| ALAN STEVENS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>RINO INTERNATIONAL CORPORATION, ZOU DEJUN, QIU JIANPING, JENNY LIU, BEN WANG, YU LI, KENNITH C. JOHNSON,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:10-cv-09011-VBF (VBKx)<br><br>CLASS ACTION |
| BRENDA CHAU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>RINO INTERNATIONAL CORPORATION, JIANPING QIU, DEJUN ZOU, KENNETH C. JOHNSON, XIE QUAN, ZEJIN LI, JENNY LIU, BRUCE RICHARDSON, QUAN XIE, WEIGUO ZHANG,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 2:10-cv-09517-VBF (VBKx)<br><br>CLASS ACTION |

2

MEMO. P&As ISO MTN. OF STREAM SICAV TO CONSOL. RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--No. 2:10-CV-08695-VBF (VBKx)

| | | |
|---|---|---|
| 1 | ) | |
| 2 | ALI BAIG, INDIVIDUALLY AND ) | No. 8:10-cv-01754-VBF (VBKx) |
| 3 | ON BEHALF OF ALL OTHERS ) | |
| | SIMILARLY SITUATED, ) | |
| 4 | ) | CLASS ACTION |
| 5 | Plaintiff, ) | |
| 6 | ) | |
| | vs. ) | |
| 7 | ) | |
| 8 | RINO INTERNATIONAL ) | |
| | CORPORATION, DEJUN ZOU, BEN ) | |
| 9 | WANG, YI LIU (A/K/A JENNY LIU), ) | |
| 10 | YU LI, ) | |
| 11 | ) | |
| | Defendants. ) | |
| 12 | ) | |
| 13 | ) | |
| 14 | ) | |
| | ) | |
| 15 | XI ZHANG, INDIVIDUALLY AND ) | No. 8:10-cv-01887-VBF (VBKx) |
| | ON BEHALF OF ALL OTHERS ) | |
| 16 | SIMILARLY SITUATED, ) | |
| 17 | ) | CLASS ACTION |
| 18 | Plaintiff, ) | |
| | ) | |
| 19 | vs. ) | |
| 20 | ) | |
| 21 | RINO INTERNATIONAL ) | |
| | CORPORATION, KENNITH C. ) | |
| 22 | JOHNSON, ZEJIN LI, JENNY LIU, ) | |
| | JIANPING QIU, XIE QUAN, BEN ) | |
| 23 | WANG, LI YU, WEIGUO ZHANG, ) | |
| 24 | DEJUN ZOU , ) | |
| 25 | ) | |
| | Defendants. ) | |
| 26 | ) | |
| 27 | ) | |

3

| | |
|---|---|
| PAUL H. VU, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　Plaintiff,<br><br>　　　　　vs.<br><br>RINO INTERNATIONAL CORPORATION, ZOU DEJUN, BEN WANG, YI LIU, BRUCE RICHARDSON, YU LI, QIU JIANPING, KENNITH C. JOHNSON, QUAN XIE, ZEJIN LI, WEIGUO ZHANG,<br><br>　　　　　Defendants. | No. 8:10-cv-01908-VBF (VBKx)<br><br>CLASS ACTION |

# **MEMORANDUM OF POINTS AND AUTHORITIES**

Movant Stream SICAV, a Luxembourg investment fund, ("Movant") respectfully submits this memorandum in support of its motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned related actions;

(2) appointing Stream SICAV as Lead Plaintiff for all persons other than defendants who purchased the securities of RINO International, Inc. (the "Company" or "RINO") between March 31, 2009 and November 11, 2010, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

4

(3) appointing the Rosen Law Firm, P.A. as Lead Counsel for the Class.

## I. PERTINENT BACKGROUND

On November 12, 2010, The Rosen Law Firm commenced this action against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act. On November 15, 2010, The Rosen Law Firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl.").

Following the filing of the instant action, which was the first-filed action in this matter, five more related actions were filed in this District: *Stevens v. RINO International, Inc., et al.*, No. 2:10-cv-09011; *Chau v. RINO International, Inc., et al.*, 2:10-cv-09517; *Baig v. RINO International, Inc., et al.*, No. 8:10-cv-01754; *Zhang v. RINO International, Inc., et al.*, No. 8:10-cv-01887; and *Vu v. RINO International, Inc., et al.*, No. 8:10-cv-01908. While certain of the related actions name certain additional defendants, all of the actions allege the same or nearly identical claims, class period, and nucleus of operative facts as this action.

The related complaints allege that RINO, a Nevada corporation headquartered in China, and certain of its present and former officers and directors violated the Exchange Act in connection with the Company's issuance of materially false and misleading statements about the Company's true financial condition; and the issuance of materially false and misleading financial statements in its periodic reports filed with the Securities Exchange Commission ("SEC").

---

[1] "Defendants" refers to, collectively, RINO International, Inc., Dejun Zou, Ben Wang, Li Yu, Jenny Liu, Kennith C. Johnson, Jianping Qiu, Xie Quan, and Zejin Li.

5

MEMO. P&As ISO MTN. OF STREAM SICAV TO CONSOL. RELATED ACTIONS, FOR APPT. AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL--No. 2:10-CV-08695-VBF (VBKx)

More specifically: On March 31, 2009, RINO filed its annual report for the year ended December 31, 2008 on Form 10-K ("10-K") with the SEC. On March 31, 2010, RINO filed its 10-K for the year ended December 31, 2009. In those filings, RINO claimed revenues of $139.3 million and $192.6 million for fiscal years 2008 and 2009, respectively. These figures were materially false and misleading. According to the Company's financial statements filed with the China's State Administration of Industry and Commerce, the Company only generated $11 million of revenue for fiscal year 2009. In addition, the Complaint alleges that most of RINO's purported customers and contracts did not exist, and that RINO's management was funneling money away from the Company.

On November 10, 2010, a market research and trading firm by the name of Muddy Waters issued an investigative report detailing this adverse information. As this adverse information was disclosed to investors, the market price of RINO shares dropped, damaging investors.

## ARGUMENT

## II.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a); *see also Richardson v. TVIA*, 2007 WL 112344, at *2 (N.D. Cal. Apr. 16, 2007).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does

6

not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

### III. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Richardson*, 2007 WL 1129344, at * 2; (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant Is Willing to Serve as Class Representative

Stream SICAV, a sophisticated institutional investment fund, has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in its PSLRA certification, filed herewith, Stream SICAV attests that it has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, Stream SICAV satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", the movant's approximate losses in the subject securities is the best measure. *Richardson*, 2007 WL 1129344 at * 4 (citing cases).

Stream SICAV purchased 325,000 shares of RINO common stock during the Class Period at a cost of $7,547,074.72; sold 200,000 of those shares for $4,892,857.22; and retained the remaining 125,000 shares. Movant Stream SICAV thereby suffered losses of $2,021,717.51[2]. *See* Rosen Decl., Ex. 3.

---

[2] In determining losses for held shares, the Movant uses the average daily closing price of the Company's stock after the end of the Class Period to January 10, 2011, $5.06. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436

8

With $2,021,717.51 in losses, Movant is not aware of any other movant that has suffered greater losses in RINO stock during the Class Period. Accordingly, Stream SICAV satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable,

(2) there are questions of law or fact common to the class,

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the

---

n. 22 (E.D. Va. 2000) (applying PSLRA look-back period price to held shares); 15 U.S.C. §78u-4(e)(1).

lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

Stream SICAV fulfills all of the pertinent requirements of Rule 23. It shares substantially similar questions of law and fact with the members of the class and its claims are typical of the members of the class. Stream SICAV and the other members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about its business. Stream SICAV, as did all of the members of the class, purchased RINO stock at prices artificially inflated by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the proposed lead plaintiff be typical of the claims of the class.

Thus, the close alignment of interests between Stream SICAV and the other class members, as well as its desire to prosecute this action on behalf of the class, provides ample reason to appoint Stream SICAV as Lead Plaintiff.

### D. The Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Stream SIVAC as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class;
>        or
> (bb)   is subject to unique defenses that render such plaintiff incap-
>        able of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

10

Movant's ability and desire to fairly and adequately represent the class has been discussed in Section C, above.  Moreover, in furtherance of in protecting the interests of the Class, Stream SICAV has independently negotiated a fee agreement with The Rosen Law Firm, P.A. – further demonstrating it is performing its fiduciary duties and protecting the interests of all Class members.  Stream SICAV is not aware of any unique defenses Defendants could raise against it that would render it inadequate to represent the class.  Accordingly, the Court should appoint the Stream SICAV as Lead Plaintiff for the class.

      **E.**     **Stream SICAV is Precisely the Type of Institutional Investor Envisioned by the PSLRA**

Stream SICAV, a sophisticated and professionally managed institutional investment fund, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-74 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995),  reprinted in 1995 U.S.C.C.A.N. 730, 733); *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 670 (C.D. Cal. 2005) ("the PSLRA was enacted to encourage institutional investors to take a more active role in securities litigation").  A copy of Stream SICAV's information sheet providing further information about Stream SICAV is attached as Exhibit 4 to the Rosen Declaration.

**IV.**    **MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The

Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Stream SICAV has selected The Rosen Law Firm as Lead Counsel. The Rosen Law Firm filed the first of these related action and has been actively researching the Class Plaintiffs' claims - reviewing publicly available financial and other documents and gathering information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and has obtained substantial recoveries on behalf of investors. The resume of the Rosen Law Firm is attached as Exhibit 5 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Stream SICAV's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.     CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above captioned related actions; (2) appointing Stream SICAV as Lead Plaintiff of the class; (3) approving The Rosen Law Firm P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: January 14, 2011

Respectfully submitted,

THE ROSEN LAW FIRM, P.A.

 /s/ Laurence Rosen, Esq.
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiff

13

# CERTIFICATE OF SERVICE

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows:

I am the managing attorney of the Rosen Law Firm, P.A., with offices at 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071.  I am over the age of eighteen.

On January 14, 2011, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF STREAM SICAV TO CONSOLIDATE RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record. Executed on January 11, 2011

          /s/ Laurence Rosen
          Laurence M. Rosen