LIONEL Z. GLANCY (#134180)
MICHAEL GOLDBERG (#188669)
ROBERT V. PRONGAY (#270796)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:   (310) 201-9160
*Attorneys for Plaintiffs, and*
*Proposed Co-Lead Counsel*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN HUFNAGLE, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>RINO INTERNATIONAL CORPORATION, DEJUN ZOU, JENNY LIU, BEN WANG, LI YU, KENNETH C. JOHNSON, JIANPING QIU, XIE QUAN and ZEJIN LI,<br><br>                    Defendants. | No. CV10-08695-VBF (VBKx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF THE RINO INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS**<br><br>Date: February 14, 2011<br>Time: 1:30 p.m.<br>Courtroom: 9<br>Honorable Valerie Baker Fairbank |

*[Captions Continue on Following Pages]*

| | | |
|---|---|---|
| 1 | ALI BAIG, Individually and on Behalf of All Others Similarly Situated, | No. SACV10-01754-VBF (VBKx) |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | | |
| 6 | RINO INTERNATIONAL CORPORATION, DEJUN ZOU, BEN WANG, YI LIU a/k/a JENNY LIU, and YU LI, | |
| 7 | | |
| 8 | | |
| 9 | Defendants. | |
| 10 | ALAN STEVENS, Individually and on Behalf of All Others Similarly Situated, | No. CV10-09011-VBF (VBKx) |
| 11 | | |
| 12 | | |
| 13 | Plaintiff, | |
| 14 | v. | |
| 15 | | |
| 16 | RINO INTERNATIONAL CORPORATION, ZOU DEJUN, QIU JIANPING, JENNY LIU, BEN WANG, YU LI, KENNITH C. JOHNSON, XIE QUAN and LI ZEJIN, | |
| 17 | | |
| 18 | | |
| 19 | Defendants. | |
| 20 | | |

*[Captions Continue on Following Pages]*

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF THE RINO INVESTOR GROUP FOR CONSOLIDATION AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS
CASE NO. 10-CV-08698-VBF (VBKx)

| | |
|---|---|
| XI ZHANG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RINO INTERNATIONAL CORPORATION, KENNITH C. JOHNSON, ZEJIN LI, JENNY LIU, JIANPING QIU, XIE QUAN, BEN WANG, LI YU, WEIGUO ZHANG and DEJUN ZOU,<br><br>Defendants. | No. SACV10-01887-VBF (VBKx) |
| BRENDA CHAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RINO INTERNATIONAL CORPORATION, JIANPING QIU DEJUN ZOU, KENNITH C. JOHNSON, XIE QUAN, ZEJIN LI, JENNY LIU, BRUCE RICHARDSON, QUAN XIE and WEIGUO ZHANG,<br><br>Defendants. | No. CV10-09517-VBF (VBKx) |

*[Caption Continues on Following Page]*

MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF THE RINO INVESTOR GROUP FOR CONSOLIDATION AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS
CASE No. 10-CV-08698-VBF (VBKx)

| | |
|---|---|
| PAUL H. VU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>RINO INTERNATIONAL CORPORATION, ZOU DEJUN, BEN WANG, YI LIU a/k/a JENNY LIU, BRUCE RICHARDSON, YU LI, QIU JIANPING, KENNITH C. JOHNSON, QUAN XIE, ZEJIN LI and WEIGUO ZHANG,<br><br>Defendants. | No. SACV10-01908-VBF (VBKx) |

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead plaintiff movants Anna Hassenplug, Roman Shteynshlyuger, Pierce Gore, James Graham, and Diane Araiche (collectively, the "RINO Investor Group" or "Movants") respectfully submit this memorandum of points and authorities in further support of their motion for consolidation of related actions, appointment as lead plaintiff and approval of Movants' selection of co-lead counsel (Doc. #42), and in opposition to the competing motions.

In accordance with the statutory procedure set forth in the Private Securities Litigation Reform Act ("PSLRA"),15 U.S.C. §§78u-4 *et seq.*,[1] on January 14, 2011, eleven motions were filed by members of the putative class seeking consolidation, appointment as lead plaintiff, and approval of their respective counsel as lead counsel. The various movants asserted the following financial interests in the relief sought by the Class:

//

//

//

---

[1] Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting lead plaintiff in class actions brought under the Securities Exchange Act of 1934. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B).

| Lead Plaintiff Candidate | Asserted Financial Interest |
|---|---|
| Stream SICAV (*See* Docs. ##35, 36, 39) | $2,021,717.51 |
| RINO Investor Group (*See* Docs. ##42-44) | $1,317,217.78 |
| Bourouis Investor Group (*See* Doc. #34) | $1,286,304.53 |
| RINO Shareholder Group (*See* Docs. ##16, 17) | $1,021,752.61 |
| Giuliano and Adriana Biondi Lazzeretti and Regulos Davila (*See* Docs. ##37, 38, 40) | $525,162 |
| Guerrilla and Hua-Mei Partnerships (*See* Docs. ##30, 31, 33) | $455,891 |
| James Blackwood-Murray (*See* Doc. #19) | $305,000 |
| Frank Botta (*See* Doc. #19) | $280,900 |
| Anupam Sarkar (*See* Docs. ##24, 25) | $114,450 |
| Zheming Ruan (*See* Doc. #26) | $70,060 |
| Rosalina Lim (*See* Doc. #15) | $27,233.79 |

Under the provisions of the PSRLA, the Court is charged with appointing as lead plaintiff the "person or group of persons" with the ***largest financial interest*** in the litigation that otherwise satisfies the requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the PSLRA's legislative history expressed ***a clear preference for institutional investors*** to serve as lead

plaintiffs. See H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted* in 1995 U.S.C.A.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors . . . will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").[2]

After careful analysis of each competing motion, including the relevant trading information and backgrounds of each movant, it is evident to Movants that Stream SICAV has asserted the greatest financial interest in the relief sought by the class and also appears to readily satisfy the relevant requirements of Fed R. Civ. P. 23. As such, there is little, if any, room for disagreement that Stream SICAV should be appointed as lead plaintiff in this action. This is especially true in light of the Congressional preference for institutional investors, such as Stream SICAV, who are far more likely to possess greater financial resources, investment sophistication, and "an administrative structure under which they

---

[2] Congress enacted the PSLRA "to increase the likelihood that institutional investors would participate in litigation." *Kapur v. Usana Health Sciences, Inc.*, 2007 WL 3046664, at *2 (D.Utah Oct. 17, 2007). Courts have recognized that the PSLRA's lead plaintiff provisions were designed to ensure the participation of institutional investors as lead plaintiffs. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997) ("through the PSLRA, Congress has unequivocally expressed its preference for securities fraud litigation to be directed by large institutional investors"); *Sakhrani v. Brightpoint, Inc.*, 78 F. Supp. 2d 845, 850 (S.D. Ind.1999) ("The PSLRA was enacted with the explicit hope that institutional investors. . .would step forward to represent the class and exercise effective management and supervision of the class lawyers").

fulfill their fiduciary obligations to their members by choosing counsel to represent them and then maintaining oversight over those attorneys," than are individual investors. *City of Brockton Ret. System v. The Shaw Group, Inc.*, 2007 WL 2845125, at *4 (S.D.N.Y. Sept. 26, 2007); *see also In re Horizon/CMS Healthcare Corp. Sec. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M.1998) (citing *In re California Micro Devices Sec. Litig.*, 168 F.R.D. 257, 275 (N.D.Cal. 1996) (noting institutional investors are better situated than individuals to monitor class counsel due to institutions' greater resources and experience in class action litigation)). In addition, institutional investors, such as Stream SICAV, are "accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class." *Gluck*, 976 F.Supp. at 546 (citing *In re California Micro Devices*, 168 F.R.D. at 278).

The only possible area of concern is that Stream SICAV is a Luxemburg investment fund that appears to be managed out of Italy and that it would arguably be more advantageous for the Court-appointed lead plaintiff to be located closer to the Court. Having considered these issues purely in the context of this action, Movants believe any such issues are insignificant to Stream SICAV's suitability to serve as lead plaintiff. The key distinguishing factor is that here, the corporate defendant is a domestic corporation (incorporated in Nevada) whose stock during the relevant period was traded on a domestic

exchange. As such, "[t]here is neither a bar nor a presumption against appointing foreign entities to serve as lead plaintiff, *particularly where, as here, the defendant is a U.S. company and the foreign entit[y] bought their shares in the United States*." *In re Dell Sec. Litig.*, No. A-06-CA-726-SS, Order, at 14 (W.D. Tex. Apr. 9, 2007) (emphasis added).[3] Judge Fischer essentially reached this precise conclusion last month when rejecting challenges to a lead-plaintiff candidate's Italian nationality:

> The prospective lead plaintiffs agree that Cattolica Partecipazioni S.p.A. ("CPS") has the largest financial interest in the relief sought by the class. The only major objection to CPS's appointment is that, as an Italian company, it may be subject to the unique defense that a judgment of this Court would not be granted res judicata effect in Italy. However, no evidence or argument to this effect is put forward. One prospective lead plaintiff cites other cases where courts in other circumstances declined to appoint a non-Italian foreign party as lead plaintiff, (see Upfall Opp'n at 4-7), but the possibility that Italy would not enforce this Court's judgment or otherwise give it res judicata effect is presented as mere speculation. From the Court's research, there does not appear to be an obvious problem with Italian recognition of United States judgments involving an Italian plaintiff. See Richard H. Dreyfuss, <u>Class Action Judgment Enforcement in Italy: Procedural "Due Process" Requirements</u>, 10 Tul. J. Int'l & Comp. L. 5, 34-36 (2002); Andrea Bonomi, <u>The Italian Statute on Private International Law</u>, 27 Int'l J. Legal Info. 247, 264-67 (1999). *And, in any event, even if Italian courts would not enforce United States class action judgments involving absent Italian parties, there is no reason to believe that a United States judgment involving an*

---

[3] Attached as Ex. A to the accompanying Declaration of Lionel Z. Glancy In Support of Rino Investor Group's Motion For Consolidation of Related Actions, Appointment as Lead Plaintiff and Approval of Co-Lead Counsel and In Opposition to the Competing Motions ("Glancy Decl.")

> *Italian party who is voluntarily present and active in the litigation would not be enforced in an Italian court. The only other argument against CPS's adequacy is that its Italian base is far from this Court. Foreign parties litigate in United States courts with regularity and there is no reason to disqualify CPS based on mere distance from the Court.*

*Murdeshwar v. Searchmedia Holdings Ltd., et al.*, CV 10-6794 DSF (JEMx), Memorandum and Order Appointing Lead Plaintiff at 2 (C.D. Cal., Dec. 15, 2010) (emphasis added) (footnote omitted).[4]

Nevertheless, should the Court: (i) find that as a foreign entity Stream SICAV is not suitable to serve as lead plaintiff; (ii) reject Stream SICAV for any other reason; or (iii) desire to appoint another movant to serve as co-lead plaintiff alongside Stream SICAV,[5] the Rino Investor Group – as the movant with the second largest financial interest that otherwise satisfies the requirements of Fed. R. Civ. P. 23 – stands ready, willing, and able to serve as sole or co-lead plaintiff in this action.

---

[4] Attached to Glancy Decl. as Exhibit B.

[5] *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 47 (S.D.N.Y. 1998) (appointing a group of individual investors and institutional investors to serve as joint lead plaintiffs because they would represent a broad range of interests); *Weisz v. Calpine Corp.*, 4:02-CV-1200, 2002 WL 32818827 at *8 (N.D. Cal. Aug. 19, 2002) (appointing both institutional and individual investors to serve as co-lead plaintiffs to "ensure that all class members will adequately be represented in the prosecution of this action"); *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (same).

Respectfully submitted,

Dated: January 24, 2011

**GLANCY BINKOW & GOLDBERG LLP**

By: *s/ Lionel Z. Glancy*
Lionel Z. Glancy
Michael Goldberg
Robert V. Prongay
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP**
Richard M. Heimann (#063607)
Joy A. Kruse (#142799)
Sharon M. Lee (*pro hac vice* to be filed)
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: rheimann@lchb.com
Email: jakruse@lchb.com
Email: slee@lchb.com

*Attorneys for Movants*
*and Proposed Co-Lead Counsel*

**POMERANTZ HAUDEK GROSSMAN & GROSS LLP**
Marc I. Gross
Fei-Lu Qian
100 Park Avenue, 26th Floor
New York, New York 10017
Telephone: (212) 661-1100
Facsimile:   (212) 661-8665
Email: migross@pomlaw.com
Email: flqian@pomlaw.com

| | |
|---|---|
| 1 | |
| 2 | **POMERANTZ HAUDEK** |
| 3 | **GROSSMAN & GROSS LLP** |
|   | Patrick V. Dahlstrom |
| 4 | 10 South LaSalle Street, Suite 3505 |
|   | Chicago, IL 60603 |
| 5 | Telephone: (312) 377-1181 |
| 6 | Facsimile:   (312) 377-1184 |
|   | Email: pdahlstrom@pomlaw.com |
| 7 | |
| 8 | *Counsel for Plaintiffs* |

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO CENTRAL DISTRICT OF CALIFORNIA LOCAL RULES AND ECF GENERAL ORDER NO. 10-07**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On January 24, 2011, I caused to be served the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF MOTION OF THE RINO INVESTOR GROUP FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL AND IN OPPOSITION TO COMPETING MOTIONS**

By posting the document to the ECF Website of the United States District Court for the Central District of California, for receipt electronically by the parties as listed on the attached Service List.

And on any non-ECF registered party:

**By Mail**: By placing true and correct copies thereof in individual sealed envelopes, with postage thereon fully prepaid, which I deposited with my employer for collection and mailing by the United States Postal Service. I am readily familiar with my employer's practice for the collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, this correspondence would be deposited by my employer with the United States Postal Service that same day.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 24, 2011, at Los Angeles, California.

*s/Lionel Z. Glancy*
Lionel Z. Glancy

# Mailing Information for a Case 2:10-cv-08695-VBF -VBK

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael D Braun**
  service@braunlawgroup.com,mdb@braunlawgroup.com

- **Lionel Zevi Glancy**
  lglancy@glancylaw.com

- **Michael Marc Goldberg**
  mmgoldberg@glancylaw.com,dmacdiarmid@glancylaw.com,asohrn@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com,lglancy@glancylaw.com

- **Emily V Griffen**
  egriffen@shearman.com,rcheatham@shearman.com

- **Mark I Labaton**
  mlabaton@motleyrice.com,kmontenegro@motleyrice.com

- **Brian Oliver O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **John E Torbett , Jr**
  jtlaw@dslextreme.com

- **Jeff S Westerman**
  jwesterman@milberg.com,cchaffins@milberg.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Phillip Kim
The Rosen Law Firm PA
275 Madison Avenue   34th Floor
New York, NY 10016
```