UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 10-8695-VBF(VBKx)**- Lead Case
          CV 10-1754-VBF (VBKx)
          CV 10-9517-VBF (VBKx)
          CV 10-9011-VBF (VBKx)
          CV 11-0655-VBF (VBKx)
          CV 10-1887-VBF (VBKx)
          CV 10-1908-VBF (VBKx)                    Dated: **February 16, 2011**

Title:    Susan Hufnagle -v- Rino International Corporation, et al.

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE

          Joseph Remigio                    Rosalyn Adams
          Courtroom Deputy                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

          Brian O'Mara                      Emily Griffen
          Jeff Westerman                    (telephonic appearance)
          Laurence Rosen
          Sara Boone
          Thomas Bright
          Reed Katherin
          Robert Prongay
          Casey Sadler

**PROCEEDINGS:    HEARING AND RULING ON SUBMITTED MATTER RE PLAINTIFFS'
                  MOTIONS TO CONSOLIDATE, APPOINT LEAD PLAINTIFF AND APPROVE
                  LEAD COUNSEL (DKTS. #15, #16, #19, #21, #27, #30, #34,
                  #35, #37, #42)**

Case called, and counsel make their appearance.

On February 16, 2011, the Court heard oral argument by the Parties relating to Plaintiffs' Motions to Consolidate, Appoint Lead Plaintiff and Approve Lead Counsel (dkts. #15, #16, #19, #21, #27, #30, #34, #35,

                                        Initials of Deputy Clerk   jre
                              -1-                        :54    min

#37, #42). The Court referred to its Tentative Order, filed and served on February 14, 2011 (dkt. #82), and took the matter under submission.

After further consideration of the papers filed and counsels' oral arguments, the Court adopts its Tentative Ruling and for the reasons set forth therein hereby **GRANTS** each Motion, in part, with respect to the requests to consolidate these related actions, and **GRANTS Stream SICAV's Motion with respect to the request to be appointed lead plaintiff and the request to approve the Rosen Law Firm, P.A. as lead counsel for the class**. *See* dkt. #35. The Court **DENIES** the Motions by each other Moving Plaintiff with respect to the request to be appointed lead plaintiff and for approval of choice of counsel. *See* dkts. #15, #16, #19, #21, #27, #30, #34, #35, #37, #42.

As set forth in the Court's Tentative Order and at the hearing by counsel for Plaintiff Stream SICAV, the Court's ruling is consistent with *Morrison v. National Austl. Bank Ltd.*, 130 S. Ct. 2869 (2010) (holding that foreign plaintiffs do not have a cause of action under Section 10(b) of the Securities Exchange Act against foreign defendants for misconduct in connection with securities traded on *foreign exchanges*). In this case, evidence provided by Plaintiff Stream SICAV shows that Stream purchased all of its RINO International Corporation common stock through the NASDAQ stock exchange in the United States. *See* Peterlongo Decl. ¶¶ 8, 10 ("The Fund purchased all of its RINO International Corporation ('RINO') common stock through the NASDAQ Stock Exchange in the United States.") (dkt. #80-1); *see also* Peterlongo Decl., Schedule A.

Similarly, *In re Royal Dutch/Shell Transp. Sec. Litig.*, cited to by counsel at the hearing, is not on point. 380 F. Supp. 2d 509, 540 (D.N.J. 2005) (addressing defendants' challenge to the Court's jurisdiction over the claims of "putative foreign class members who purchased their securities on foreign exchanges."). As stated above, Plaintiff Stream SICAV provided evidence showing that it purchased all of its RINO International Corporation common stock through the NASDAQ. *See* Peterlongo Decl. ¶¶ 8, 10 (dkt. #80-1); *see also* Peterlongo Decl., Schedule A.

Additionally, evidence provided by Plaintiff Stream SICAV shows that Stream "is a public investment company . . . comparable to an open-ended mutual fund in the United States." Peterlongo Decl. ¶ 4 (dkt. #80-1). Stream has "exclusive control and discretion" over its assets, invests such assets in its own name and owns the assets it purchases. Peterlongo Decl. ¶¶ 6, 7. As set forth in the Court's Tentative Order, the PSLRA's legislative history expressed a preference for such institutional investors to serve as lead plaintiffs. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted* in 1995 U.S.C.A.A.N. 679, 733.

On the other hand, arguments raised in the papers and at the hearing concerning appointment of Plaintiffs RINO Investor Group or Bourouis Investor Group, the plaintiffs reporting the second and third highest total losses[1], raise an issue as to whether these groups are comprised of individual investors with unrelated claims. *See* Goldberg Decl. ¶ 2, Exs. B & C (dkt. #44); Miller Decl. ¶ 4, Ex. A (dkt. #34-1, #34-2). Although courts disagree as to whether groups of investors are allowed to aggregate claims to become the plaintiff with the greatest financial interest, "[t]he emerging majority position looks askance at the appointment of a group of unrelated persons as lead plaintiff." Moore's Federal Practice § 23.191[3][b][vi]; *see also In re Network Assocs. Sec. Litig.,* 76 F. Supp. 2d 1017, 1019-27 (N.D. Cal. 1999); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005) *(*"[A] group of unrelated investors should not be considered as lead plaintiff when that group would displace the institutional investor preferred by the PSLRA.").

Accordingly, the Court appoints Plaintiff Stream SICAV as lead plaintiff. Pursuant to the Court Order Granting Extension of Time for Defendants to Respond to Complaint (dkt. #14), Stream SICAV must file a consolidated complaint within 60 days from entry of this Order appointing Stream SICAV lead plaintiff pursuant to Section 21D(a)(3)(B) of the Private Securities Litigation Reform Act.

**IT IS SO ORDERED.**

---

[1] RINO Investor Group reports the second highest total losses ($1,317,217.78), followed by Bourouis Investor Group ($1,286,304.53). *See* Goldberg Decl. ¶ 2, Exs. B & C (dkt. #44); Miller Decl. ¶ 4, Ex. A (dkt. #34-1, #34-2)