NOTE: CHANGES MADE TO THIS DOCUMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| STREAM SICAV AND TODD MARX, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>RINO INTERNATIONAL CORPORATION, *et al.*,<br><br>　　　　　　　Defendants. | Case No.: CV-10-08695-VBF-VBK<br><br>CLASS ACTION<br><br>**ORDER RE: STIPULATED PROTECTIVE ORDER**<br><br>**DISCOVERY MATTER**<br>Judge: Hon. Victor B. Kenton |

Pursuant to the stipulation of the Parties, the Court hereby ORDERS as follows:

　　　1.　　This Stipulated Protective Order applies only to information, documents and things produced pursuant to the Order or any subsequent order made to enforce the provisions of the Order, and to copies or information extracted therefrom that might reveal information deemed CONFIDENTIAL pursuant to this Stipulated Protective Order.

　　　2.　　Information, documents and things produced pursuant to Paragraph 1 of this stipulation shall be deemed "CONFIDENTIAL." Such

information shall only be used for the purpose of effecting service on those defendants affected by the Order, and in this action only.

3. Information, documents and things produced pursuant to Paragraph 1 of this Stipulated Protective Order may be disclosed only to the following individuals under the following conditions:

    a. The Parties' in-house or outside counsel (herein defined as an attorney who is retained to represent or advise a Party in this action);

    b. Plaintiffs' investigator retained for the purpose of confirming current service addresses, provided the investigator has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    d. The Court and court personnel;

    e. The Central Authority designated by the People's Republic of China as responsible for service of process.

4. CONFIDENTIAL material shall be used only by individuals permitted access to it under Paragraph 3. CONFIDENTIAL material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the Party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

5. Without written permission from RINO or a Court order secured after appropriate notice to all Parties, CONFIDENTIAL material may not be filed in the public record in this action.

6. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing Party and brought to the attention of the receiving Party, the receiving Party's treatment of such material shall be in accordance with Federal

1. Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving Party to challenge the producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

7. No information that is in the public domain or which is already known by the receiving Party through proper means or which is or becomes available to a Party from a source other than the Party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be CONFIDENTIAL material under this Stipulated Protective Order.

8. This Stipulated Protective Order shall not deprive any Party of its right to object to discovery by any other Party or on any otherwise permitted ground. This Stipulated Protective Order is being entered into without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms.

9. This Stipulated Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

10. Upon final conclusion of this litigation, each Party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing CONFIDENTIAL material and to destroy, should such source so request, all copies of CONFIDENTIAL material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing CONFIDENTIAL material; provided, however, that counsel may retain complete copies of all documents and things produced under this Order for archival purposes,

1  subject to the provisions of this Stipulated Protective Order. To the extent a Party
2  requests the return of CONFIDENTIAL material from the Court after the final
3  conclusion of the litigation, including exhaustion of all appeals therefrom and all
4  related proceedings, the Party shall file a motion seeking such relief.

6  The use of confidential information in trial or related proceedings is subject
7  to the order of the District Judge.

10  IT IS SO ORDERED.

12  Dated: August 26, 2011                    /s/
                                              HON. VICTOR B. KENTON
13                                            United States Magistrate Judge

[PROPOSED] ORDER RE:                  4       CASE NO.: CV-10-8695-VBF-VBK
STIPULATED PROTECTIVE ORDER

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUSAN HUFNAGLE, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>vs.<br><br>RINO INTERNATIONAL CORP., et al.,<br><br>  Defendants. | NO.: CV-10-08695-VBF-VBK<br><br>CLASS ACTION<br><br>STIPULATED PROTECTIVE ORDER |

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, being duly sworn, state that:

   1.   My address is _____.

   2.   My present employer is _____ and the address of my present employment is _____ _____.

   3.   My present occupation or job description is _____ _____.

   4.   I have carefully read and understood the provisions of the Stipulated Protective Order in this case signed by the Court, and I will comply with all provisions of the Stipulated Protective Order.

1

5. I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any CONFIDENTIAL material or any words, abstracts, or indices of CONFIDENTIAL information disclosed to me.

6. I will limit use of CONFIDENTIAL material disclosed to me solely for the purposes of this action.

7. No later than the final conclusion of the case, I will return all CONFIDENTIAL material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____

Signed:_____