O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUFNAGLE, individually and n behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>RINO INTERNATIONAL CORPORATION, DEJON ZOU, JENNY LIUE, BEN WANG, LI YU, KENNITH C. JOHNSON, JIANPING QIU, ZIE QUAN, and ZEJIN LI,<br><br>             Defendants. | Case No. CV 10-08695 DDP (VBKx)<br><br>**ORDER DENYING EX PARTE APPLICATION FOR LEAVE TO FILE A COMPLAINT IN INTERVENTION**<br><br>[Docket Number 232] |

Presently before the court is an <u>Ex Parte</u> Application for Leave to File a Complaint in Intervention, filed by plaintiffs ("Derivative Plaintiffs") in a derivative action related to this matter.

**I.  Procedural Background**

On April 9, 2012, Plaintiff in this action moved for preliminary approval of a class action settlement. (Dkt. No. 190). The court granted preliminary approval on May 21, 2012. (Dkt. No. 195). While Derivative Plaintiffs were not aware of the substance

of the settlement discussions in this case prior to Plaintiffs' motion for preliminary approval, that motion revealed to Derivative Plaintiffs the nature of the assets in issue in this case. (Application at 7-8.)

On August 15, 2012, Plaintiffs moved for final approval of a class action settlement and for attorney's fees. (Dkt. No. 198.) By stipulation of the parties, that motion was set for a hearing on December 17, 2012. (Dkt. Nos. 204, 206.)

On November 19, 2012, over three months after Plaintiffs filed their motion for final settlement approval, Derivative Plaintiffs, who were and remain non-parties to this case, attempted to file a Motion for Attorney Fees. (Dkt. No. 216.) Derivative Plaintiff's counsel was able to electronically file the motion only by improperly and inaccurately listing named Plaintiff Susan Hufnagle as the filer. In any event, the motion was filed incorrectly, and stricken.

The non-party Derivative Plaintiffs subsequently filed several more documents in this case, including another motion for attorney fees, an ex parte application for relief from the court's order striking Derivative Plaintiff's first improper filing, an ex parte application to shorten time, and supporting declarations. Derivative Plaintiffs did not file a motion to intervene in this case. Thus, on December 11, 2012, the court vacated Derivative Plaintiffs' pending motions, explicitly noting that Derivative Plaintiffs' counsel is not counsel of record in this case.

On December 13, 2012, two business days before the hearing on Plaintiffs' Motion for Final Settlement Approval, Derivative

Plaintiffs filed the instant Ex Parte Application for Leave to File a Complaint in Intervention.

**II. Discussion**

Ex parte relief is generally disfavored when relief may be had through a regularly noticed motion. It will be granted only upon an adequate showing of good cause or irreparable injury to the party seeking relief. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F.Supp. 488, 492 (C.D. Cal. 1995). As an initial matter, the court notes that Derivative Plaintiffs here were aware of the nature of the proposed settlement as early as April 2012, and no later than November 19, 2012. Derivative Plaintiffs have made no showing of good cause why they did not file a regularly noticed motion to intervene.[1]

As to the merits of Derivative Plaintiffs' application, courts will grant a motion to intervene as of right where (1) the motion is timely, (2) the applicant asserts "an interest relating to the property or transaction which is the subject of the action," (3) the disposition may impair the applicant's ability to protect her interest, and (4) "the applicant's interest is not adequately represented by the existing parties." McGough v. Covington Techs. Co., 967 F.2d 1391, 1394 (9th Cir. 1992); Fed. R. Civ. P. 24(a).

Whether a motion to intervene is timely depends on (1) the stage of the underlying proceeding, (2) the prejudice to other parties, and (3) "the reason for and length of the delay." Id.

---

[1] Nor have Derivative Plaintiffs made any showing of irreparable harm, except to the extent that they address harm in discussing the merits of their application for leave to file a complaint in intervention.

Here, all three factors weigh against finding Dereivate Plaintiffs' application timely.  First, Derivative Plaintiffs bring this <u>ex parte</u> application at the eleventh hour, a mere two days prior to a final settlement approval hearing that is the product of over two years of litigation and extensive settlement negotiations.  The possibility that intervention at this late date may disrupt a long-discussed, otherwise agreed-upon settlement also bears upon the prejudice to the parties to this suit.[2]  <u>See</u>, <u>e.g.</u> <u>Orange County v. Air California</u>, 799 F.2d 535, 538 (9th Cir. 1986); <u>Aleut Corp. v. Tyonek Native Corp.</u>, 725 F.2d 527, 530 (9th Cir. 1984).

    Nor have Derivative Plaintiffs shown any compelling explanation for their delay in seeking to intervene in this matter.  As discussed above, Derivative Plaintiffs have known about the substance of the settlement proposal for over eight months.  At the very least, Derivative Plaintiffs could have sought to intervene on November 19, 2012, but instead chose to improperly file motions in this action without first seeking to become parties to it.  This court's relatively recently statement of the obvious, that Derivative Plaintiffs' counsel is not counsel of record in this case, does not explain, let alone justify, Derivative Plaintiffs' lengthy delay.  Accordingly, Derivative Plaintiffs' <u>ex parte</u> application is untimely.[3]

---

[2] While the focus of this test is the prejudice to other parties if intervention is allowed, the court also notes that the parties here have also been prejudiced by Derivative Plaintiff's attempt to intervene via a last minute <u>ex parte</u> application, which gives the parties here little opportunity to oppose Derivative Plaintiffs' intervention.

[3] It is also unclear to the court whether disposition of this case would impair Derivative Plaintiff's interests or whether those
(continued...)

**III. Conclusion**

For the reasons stated above, Derivative Plaintiffs' <u>Ex Parte</u> Application for Leave to File Complaint in Intervention is DENIED.

IT IS SO ORDERED.

Dated: December 14, 2012

DEAN D. PREGERSON
United States District Judge

---

[3](...continued)
interests are adequately represented. Derivative Plaintiffs' proposed Complaint in Intervention makes no mention of any potential harm to Derivative Plaintiffs, and seeks only compensation to Derivative Plaintiffs' counsel as a matter of equity and fairness.