1

2

3

4

5                                        NO JS-6

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                            WESTERN DIVISION

11   STREAM SICAV AND TODD              Case No.:   CV 10-08695 DDP (VBKx)
     MARX, Individually and on Behalf of
12   All Others Similarly Situated,
                                        CLASS ACTION
13                    Plaintiffs,
14          v.                          **FINAL JUDGMENT
                                        AND ORDER OF DISMISSAL
15   RINO INTERNATIONAL                 WITH PREJUDICE**
     CORPORATION, et al.,
16
17
                      Defendants.
18

19

20

21

22

23

24

25

26

27

28

On this 17th day of December, 2012, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement, dated April 5, 2012 (the "Stipulation"), between Lead Plaintiff ("Lead Plaintiff"), on behalf of itself and each of the Class Members, and Defendants RINO International Corporation ("RINO" or the "Company"), Kennith C. Johnson and Weiguo Zhang (collectively, "Defendants"), by and through their respective counsel of record, which is incorporated herein by reference, are fair, reasonable, and adequate for the settlement of all claims asserted by the Class Members against Defendants and additional Individual Defendants Dejun Zou, Jianping Qiu, Yi Jenny Liu, Ben Wang, Xie Quan, and Li Yu (together with Kennith C. Johnson and Weiguo Zhang, the "Individual Defendants") in the Complaint now pending before this Court under the above caption; (2) whether a class should be certified; and (3) whether judgment should be entered dismissing the claims against Defendants and Individual Defendants in the Complaint on the merits and with prejudice in favor of the Defendants and Individual Defendants, and the Released Claims should be released in favor of the Released Parties, as against all Persons who are Class Members and who have not requested exclusion therefrom;

It appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all potential members of the Class reasonably identifiable;

It appearing that a summary notice of the hearing substantially in the form approved by the Court was published in the Investors Business Daily, pursuant to the specifications of the Court;

It appearing that due notice of the Final Approval Hearing was given in accordance with the Preliminary Approval Order entered by the Court on May 21, 2012 ("Preliminary Approval Order"); the respective parties having appeared by their attorneys of record; the Court having heard and considered evidence in support of the proposed Settlement (as defined in the Stipulation); the attorneys for the

respective parties having been heard; an opportunity having been given to all other Persons requesting to be heard in accordance with the Preliminary Approval Order; the Court having determined that Notice to the Class (as defined below) certified in the Action pursuant to the Preliminary Approval Order was adequate and sufficient; and the Settlement having been heard and considered by the Court; and

The Court, having considered all matters submitted to it at the hearing and otherwise having determined the fairness and reasonableness of the proposed Settlement of the claims of the Class Members against the Defendants and Individual Defendants;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Final Judgment and Order of Dismissal with Prejudice incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meaning as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties and Class Members.

3. Each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has been satisfied and the Action has been properly maintained according to the provisions of Rule 23(b) of the Federal Rules of Civil Procedure. Specifically, based on the record in the Action, this Court expressly and conclusively finds and orders that: (a) the Class as defined in the Preliminary Approval Order is so numerous that joinder of all members is impracticable, (b) there are questions of law and fact common to the Class, (c) the claims or defenses of Lead Plaintiff are typical of the claims or defenses of the Class, and (d) the Lead Plaintiff will fairly and adequately protect and represent the interests of the Class. Moreover, the Court finds that the questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Action is hereby certified as a

class action, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class of all Persons who purchased the common stock or call options of RINO, or sold put options of RINO, between March 31, 2009, and November 17, 2010, inclusive and who purport to have been damaged thereby. Excluded from the Class are RINO and all Individual Defendants; the immediate family members of each Individual Defendant; any entity in which RINO, any Individual Defendant or any excluded person has a controlling interest; officers and directors of the Company during the Class Period; and the legal representatives, heirs, predecessors, successors and assigns of any such excluded person or entity. Also excluded from the Class are all the persons and entities listed on Exhibit 1 attached hereto, each of whom timely filed a valid request for exclusion from the Class.

        4.      The Court hereby finds that the Notice described herein provided the best notice practicable under the circumstances.  Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the Settlement, the Plan of Allocation, and the request for attorneys' fees, reimbursement of expenses, and award to Lead Plaintiff, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.  Due and adequate notice of the proceedings has been given to the Class, and a full opportunity has been offered to the Class to object to the proposed Settlement and to participate in the hearing thereon.  Due and adequate notice of the Action was also given to members of the Class pursuant to the Preliminary Approval Order dated May 21, 2012, which provided, *inter alia*, for the Notice of Proposed Settlement to be mailed to all members of the Class who could reasonably be identified, and the Court finds that such Notice of Proposed Settlement offered to members of the Class the opportunity to request to be excluded from the Class, if done so timely and properly.  Thus, it is hereby determined that all members of the Class who did not

elect to exclude themselves by written communication postmarked or delivered on or before August 27, 2012 [fourteen (14) business days prior to the Final Approval Hearing], as required in the Notice of Proposed Settlement and the Preliminary Approval Order, are bound by this Judgment.

5.     The adequacy of representation of the Class by Lead Plaintiff is hereby determined to be consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.     The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Class Members.  The Stipulation and the Settlement contained therein are hereby finally approved in all respects and the Parties to the Settlement are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7.     The claims against Defendants and Individual Defendants in the Complaint are hereby dismissed without costs (except as otherwise ordered by this Court) and with prejudice in full and final discharge of any and all claims which were or could have been asserted in the Action as against all Defendants and Individual Defendants.

8.     The Court finds that during the course of the Action, the Lead Plaintiff, the Defendants and their respective counsel have at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

9.     Class Members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Released Claims against any of the Released Parties.

10.     The Released Claims are hereby ordered as compromised, settled, released, discharged and dismissed as to each of the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

11.     The Released Parties are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any claim arising out of the filing, prosecution or maintenance or resolution of the claims against Defendants and Individual Defendants in the Action as against the Lead Plaintiff, Class Members, Lead Counsel or plaintiffs' attorneys, except claims relating to the enforcement of the Stipulation.

12.     Upon the Effective Date hereof, each of the Defendants, Individual Defendants, and Released Parties shall be deemed a "settling covered person" entitled to the protections and benefits of the Private Securities Litigation Reform Act of 1995, 15. U.S.C. § 78u-4(f)(7)(A), and all past, present, or future claims for contribution against any of the Defendants or the Individual Defendants by any Person relating to or arising out of the claims against Defendants and Individual Defendants in the Action, or the Settlement thereof, are hereby forever barred.  All Defendants and Individual Defendants are hereby permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any such claim for contribution against any other Defendant, Individual Defendant, or Released Party, based upon, relating to, or arising out of the Settlement of the claims against Defendants and Individual Defendants in the Action in accordance with the Stipulation.

13.     Neither the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     Offered in evidence as proof of liability or a presumption, concession or an admission by any of the Released Parties of the truth of any fact alleged or the validity of any claim that has been, could have been or in the future might be asserted in the Complaint or otherwise against the Released Parties, or of any purported liability, fault, or wrongdoing of or by the Released Parties; or

(b)     Offered or received in evidence as proof of a presumption, concession or an admission of any purported liability, wrongdoing, fault, misrepresentation or omission in any statement, document, report or financial statement heretofore or hereafter issued, filed, approved or made by any of the Released Parties or otherwise referred to for any other reason, other than for the purpose of and in such proceeding as may be necessary for construing, terminating or enforcing the Stipulation; or

(c)     Construed as a concession or an admission that the Lead Plaintiff or the Class Members have suffered any damage; or

(d)     Construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the Class Members, or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

14.     However, the Defendants and/or the Released Parties may file the Stipulation and/or the Judgment from this Action in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment.

(a)     The finality of this Judgment shall not be affected, in any manner, by rulings that the Court may make on the motions for approval of: Lead Plaintiff's Plan of Allocation; and Lead Counsel's application for an award of attorneys' fees, reimbursement of expenses, and an award to Lead Plaintiff. However, RINO shall have no obligation to make any payment into the Escrow

1    Account except as specifically provided in the Stipulation, and there shall be no

2    distribution of any of the Settlement Amount to any Class Member until a plan of

3    allocation is finally approved and is affirmed on appeal and/or is no longer subject

4    to review by appeal or certiorari, and the time for any petition for rehearing, appeal,

5    or review, by certiorari or otherwise, has expired.

6            16.    In the event that the Settlement does not become Effective in

7    accordance with the terms of the Stipulation, or the Effective Date does not occur,

8    this Judgment shall be rendered null and void and shall be vacated and, in such

9    event, all orders entered and releases delivered in connection herewith shall be null

10   and void, and the Settlement Amount or any portion thereof or interest thereon, if

11   previously paid by RINO, shall be returned to RINO as provided in the Stipulation.

12           17.    There is no just reason for delay in the entry of this Judgment

13   and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule

14   54(b) of the Federal Rules of Civil Procedure.

15

16   Dated:  December 19, 2012

17

18   _____
                           Dean D. Pregerson
                           United States District Judge

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1: PARTIES EXCLUDED FROM THE SETTLEMENT:**

| Name | Address |
|------|---------|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |