O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HUFNAGLE, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>       v.<br><br>RINO INTERNATIONAL CORPORATION, DEJON ZOU, JENNY LIUE, BEN WANG, LI YU, KENNITH C. JOHNSON, JIANPING QIU, ZIE QUAN, and ZEJIN LI,<br><br>                  Defendants.<br>_____ | Case No. CV 10-08695 DDP (VBKx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>[Dkt. No. 212] |

   Presently before the court is Defendant Frazer Frost, LLP ("Frazer Frost" or "the Auditor")'s Motion to Dismiss.  Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

   This case is a purported class action alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78 *et seq*. (the "Exchange Act") brought on behalf of a class consisting of all persons and entities, other than Defendants, who purchased publicly

traded Rino International Corporation ("Rino") common stock and call options, and who sold put options of Rino, between March 31, 2009 and November 17, 2010 (the "Class Period"). (Second Amended Complaint ("SAC") ¶ 3.) The SAC alleges that Defendants, excluding movant Frazer Frost, engaged in a wide-ranging fraud. (SAC ¶ 5.) Pursuant to a settlement agreement, Plaintiff has dismissed all claims against all Defendants, with the exception of Frazer Frost. (Dkt. No. 235.)

Plaintiff alleges that auditor Frazer Frost recklessly ignored obvious signs of financial irregularities and failed to follow generally accepted auditing standards in its review of RINO. (SAC ¶¶ 15-19, 120-126, 156-196.) The SAC alleges that Frazer Frost then issued false and misleading opinions regarding RINO's financial statements. (SAC ¶ 14, 190-196.) Specifically, Plaintiff alleges that Frazer Frost's 2009 audit opinion falsely represented that Frazer's audit conformed to the standards of the Public Company Accounting Oversight Board ("PSAOB") and that RINO's financial statements conformed with generally accepted accounting principles ("GAAP"). (SAC ¶ 190.) Frazer Frost now moves to dismiss the SAC.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick

v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth."  Id. at 679.  In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted.  Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief."  Id. at 679.  Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level."  Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

To state a claim for securities fraud under Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder, plaintiffs must plead particularized facts demonstrating "(1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss."  Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 990 (9th Cir. 2009).  A complaint alleging securities fraud under the  Private Securities Litigation

3

Reform Act of 1995 ("PSLRA") must meet a heightened pleading standard. The PSLRA requires that any securities fraud claim "[s]pecify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. Section 78u-4(b)(1), (b)(2). When analyzing intent, courts must view complaints holistically, and should deny a motion to dismiss if the inference of scienter advanced by plaintiffs is "at least as compelling as any opposing inference one could draw from the facts alleged." Matrixx Initiatives, Inc. v. Siracusano, 141 S. Ct. 1309, 1324 (2011) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324 (2007).

**III. Discussion**

   A.   Subjective Falsity

   Frazer Frost argues that the SAC must be dismissed because it fails to allege that the Auditor's opinions are subjectively false. "When a plaintiff challenges opinion statements under the securities law, the plaintiff must allege with particularity that the defendant believed his or her opinion was false." Buttonwood Tree Value Partners, LP v. Sweeney, – F.Supp.2d –, 2012 WL 6644397 at *6 (C.D. Cal. Dec. 10, 2012) (quotation omitted) (citing Va. Bankshares, Inc. v. Sandberg, 501 U.S. 1083, 1085 (1991) and Rubke v. Capital Bancorp, Ltd., 551 F.3d 1156, 1162 (9th Cir. 2009)).

   Plaintiff argues that at least one court in this circuit has rejected the proposition that auditors can only be held liable if they subjectively believe that their own stated opinions are false. (Opp. at 19 (citing In re Wa. Mut. Inc. Sec. Deriv. & ERISA Litig.,

4

694 F. Supp. 2d 1192.)  The Washington Mutual court, however, did recognize the Ninth Circuit's holding that auditor opinions must be plead to be both objectively and subjectively false.  Id. at 1223 (citing Rubke, 551 F.3d at 1162.)  The court proceeded to find the subjective falsity requirement inapplicable only because the defendant auditor had stated a verifiable fact, not an opinion. Washington Mutual, 694 F. Supp. 2d at 1224.

The court acknowledges that the Washington Mutual court addressed allegations similar to those here.  So too, however, did a court of this district in Buttonwood, 2012 WL 6644397 at * 6.[1] As the court recently recognized, reiterating its earlier holding, "an auditor's [generally accepted accounting standards] and GAAP assertions are statements of professional judgment and opinion, not verifiable fact."  Id.  This court agrees.  As the Buttonwood court initially explained, GAAP "are a collection of broad standards that are couched in rather general[,] and in some cases inherently subjective[,] terms . . . ."  Buttonwood Tree Value Partners, LP v. Sweeney, No. SACV 10-537 CJC, 2012 WL 2086607 at *2 (C.D. Cal. June 7, 2012) (quotation and citation omitted).  Furthermore, though Plaintiff now strives to characterize Frazer Frost's opinion regarding PSAOB and GAAP compliance as a statement of fact rather than of belief, the SAC itself alleges that Frazer Frost issued "false and misleading audit opinions," that Frazer Frost "falsely opined" that Rino's statements satisfied GAAP, and that Frazer Frost "provided an audit opinion" and "opined."  (SAC ¶¶ 14, 121,

---

[1] While the parties both cite to and discuss the earlier June order by the Buttonwood court, neither party references that court's more recent December 2012 order.

5

190, 191.) Having based her claim against Frazer Frost upon an allegation that the Auditor misrepresented its own opinion, Plaintiff must allege that Frazer Frost's stated opinion was subjectively false. Absent any such allegation, Plaintiff cannot satisfy the misrepresentation element of a securities fraud claim, and the complaint must be dismissed.[2]

**IV. Conclusion**

For the reasons stated above, Frazer Frost's Motion to Dismiss is GRANTED, with leave to amend. Any amended complaint shall be filed within fourteen days of the date of this order.

IT IS SO ORDERED.

Dated: January 14, 2013

                                            DEAN D. PREGERSON
                                            United States District Judge

---

[2] Having determined that the SAC does not adequately plead subjective falsity, the court does not reach the question whether the SAC adequately pleads scienter, and expresses no opinion on that issue. To the extent Plaintiff wishes to amend the scienter allegations in light of discussions at oral argument, it is free to do so.