DENIED WITHOUT PREJUDICE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| STREAM SICAV, AND TODD MARX, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>RINO INTERNATIONAL CORPORATION, DEJUN ZOU, JIANPING QIU, YI JENNY LIU, BEN WANG, KENNITH C. JOHNSON, XIE QUAN, WEIGUO ZHANG, LI YU, AND FRAZER FROST, LLP f/k/a MOORE STEPHENS WURTH FRAZER AND TORBET, LLP,<br><br>Defendants. | Case No.   CV 10-8695-DDP (VBKx)<br><br>CLASS ACTION<br><br>**[PROPOSED] PROTECTIVE ORDER** |

WHEREAS the Parties have stipulated and good cause appearing:

IT IS HEREBY ORDERED that:

1. This Order shall apply to and govern all depositions, documents, information or things disclosed or produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken under the Federal Rules of Civil Procedure, and other information which the disclosing party designates as "CONFIDENTIAL" furnished, directly or indirectly, by or on behalf of any party or any non-party in connection with the above-captioned litigation.

2. When used in this Order, the phrase "disclosing party" shall refer to the parties to the above-captioned litigation or to non-parties who give testimony or produce documents or other material.

3. When used in this Order, the word "document" encompasses, but is not limited to, any type of document or testimony, including all documents or things described in Federal Rule of Evidence 1001(1)–(4) and/or Rule 34(a)(1)(A) or (B).

4. The disclosing party who designates any material "CONFIDENTIAL" (sometimes referred to herein as a "designating party") bears the burden of establishing the "CONFIDENTIAL" status of such material in any situation in which the designation is at issue, and nothing in this Order shall be construed to alter such burden. The parties enter into and stipulate to this Order without prejudice to the rights of any party to assert or contest the "CONFIDENTIAL" status of any material as set forth below.

5. A disclosing party may designate as "CONFIDENTIAL" any trade secret or other confidential research, design, development, financial or commercial information, as such terms are used in Rule 26(c)(1)(G) and any applicable case law interpreting Rule 26(c)(1)(G). In addition, a disclosing party may designate as "CONFIDENTIAL" non-public personal information or other information for which applicable federal or state law requires confidential treatment.

6. In designating material as "CONFIDENTIAL," a disclosing party shall make such a designation only as to material which it in good faith believes is confidential.

7. Any party or non-party receiving any non-public material from a disclosing party, regardless of whether such material is designated as "CONFIDENTIAL," shall use that material solely for the purpose of conducting this litigation and not for any other purpose whatsoever.

8. In the absence of written permission from the disclosing party, or an order of the Court, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

   a. The named parties (which would include any proposed class representatives, but does not include unnamed putative class members) and the attorneys working on the above-captioned litigation on behalf of any party, including attorneys consulting with or advising any party to the above-captioned litigation, in-house attorneys, paralegals, and staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

   b. Any expert or consultant who is expressly retained by any attorney described in Paragraph 8(a) to assist in the above-captioned litigation, with disclosure only to the extent reasonably necessary to perform such work;

   c. Any fact witness, including named parties, provided, however, that the witness (i) shall not retain any documents marked as "CONFIDENTIAL," and (ii) shall be informed, prior to being shown materials marked as "CONFIDENTIAL" that he/she is being shown such materials solely for use in this Action; and

   d. The Court, jury, court personnel, court reporters, and other persons connected with the Court.

9. The persons described in Paragraphs 8(a)–(c) shall have access to "CONFIDENTIAL" material only after they have been made aware of the provisions of

this Order (including, without limitation, Paragraph 7). Counsel retaining or representing the persons described in Paragraph 8(b) shall require that such persons manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "ACKNOWLEDGMENT." The persons described in Paragraph 8(c) shall have access to "CONFIDENTIAL" material only after Counsel retaining, representing, interviewing or deposing those persons has provided a copy of this Order to such persons for review and requests (but shall not require) those persons to manifest their assent to be bound by the provisions of this Order by signing a copy of the annexed "ACKNOWLEDGMENT." Counsel shall retain copies of the signed "ACKNOWLEDGMENT" forms until the completion of the above-captioned litigation. Any person receiving "CONFIDENTIAL" material is enjoined from disclosing that material to any other person, except in conformance with this Order. The parties shall act in good faith to eliminate, whenever possible, the expenditure of "on the record" time to effectuate or confirm compliance with this Paragraph at any deposition.

10. This Court shall retain jurisdiction over this Order, including any proceedings relating to performance under or compliance with the Order. Individuals who receive "CONFIDENTIAL" material shall be subject to this Order and to the jurisdiction of this Court concerning this Order.

11. The recipient of any "CONFIDENTIAL" material that is provided under this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary material. "CONFIDENTIAL" material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions

///

1   shall be subject to the terms of the Order and labeled in the same manner as the
2   designated material on which they are based.

3       12.    Disclosing parties shall designate "CONFIDENTIAL" material as follows:

4       a.    In the case of documents, interrogatory answers, responses to
5   requests to admit, and the information contained therein, designation shall be made, as
6   appropriate under the terms of this Stipulation and Order, by placing the following legend
7   on each page of any such document: "CONFIDENTIAL." In the event that a disclosing
8   party inadvertently fails to stamp or otherwise designate a document or other material as
9   "CONFIDENTIAL" at the time of its production, that disclosing party may stamp or
10  otherwise designate the document or other material as "CONFIDENTIAL" at any
11  reasonable time thereafter. The delay in designating a document as "CONFIDENTIAL"
12  shall not, in and of itself, be deemed to have effected a waiver of any of the protections of
13  this Order, but such document or other material shall be treated as "CONFIDENTIAL"
14  only beginning at the time such designation occurs, provided, however, that the foregoing
15  provision shall not apply to any documents or material that had already been made
16  publicly available prior to the designation.

17      b.    "CONFIDENTIAL" material may be used in depositions.
18  Designation of the portion of the deposition transcript (including exhibits) that contains
19  "CONFIDENTIAL" material shall be made by a statement to such effect on the record in
20  the course of the deposition or, upon review of such transcript, by the disclosing party or
21  counsel for the disclosing party to whose "CONFIDENTIAL" material the deponent has
22  had access, which shall be so designated within twenty-one (21) days after the deposition.
23  During those twenty- one days, the entire deposition transcript, including exhibits, shall
24  be deemed "CONFIDENTIAL."

25      c.    Any "CONFIDENTIAL" material produced in a non-paper media
26  (e.g., videotape, audiotape, computer disc, etc.) may be designated as such by labeling the
27  outside of such non-paper media as "CONFIDENTIAL" and producing this material in a
28

1  sealed envelope. In the event a receiving party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as "CONFIDENTIAL" pursuant to the terms of this Order.

13. Nothing in this Order shall be taken as indicating that any information is in fact "CONFIDENTIAL" or entitled to confidential treatment. No party shall be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto, nor shall a party that has designated materials or information as "CONFIDENTIAL" contend that any delay by another party in objecting to the designating party's "CONFIDENTIAL" designation in any way (a) lends support to the designating party's "CONFIDENTIAL" designation or (b) invalidates or diminishes in any way the objecting party's challenge of the "CONFIDENTIAL" designation for any such materials or information. In the event that any party disagrees at any stage of these proceedings with such designation, counsel for such party shall notify counsel for the disclosing party in writing (the "Notice"). The objecting party shall identify each particular document bearing a designation to which it objects and shall specify the reason(s) for the objection, provided that the party challenging the "CONFIDENTIAL" designation may identify multiple documents by Bates number (whether in a range of consecutive numbers or otherwise) in its Notice when the reason or reasons for challenging the "CONFIDENTIAL" designation apply in the same manner to the documents identified in the Notice. Within seven (7) calendar days of the receipt of the Notice, counsel for the parties (and any non-party involved) shall promptly schedule a date and time to meet and confer to attempt resolve such dispute in good faith on an informal basis consistent with the requirement to confer in good faith under Rule 26(c)(1) and Rule 37(a)(1). If the dispute cannot be resolved, the party that designated the materials in question as "CONFIDENTIAL" may request appropriate relief from the Court, and the objecting party may also request any relief

from the Court that it deems appropriate (which shall have first been raised no later than during the parties' meet and confer session(s)) in its opposition to the designating party's motion or other proposed method of seeking relief from the Court. The materials in question shall retain their "CONFIDENTIAL" status until the Court rules on any such motion so long as the party that designated the materials in question as "CONFIDENTIAL" seeks relief from the Court within: (i) thirty (30) days of the date the parties initially met and conferred, if the disagreement pertains to fewer than ten documents; or (ii) forty-five (45) days of the date the parties initially met and conferred, if the disagreement pertains to ten or more documents. The parties (and any non-party involved) may agree to extend the time for the disclosing party to apply to the Court for relief. If the designating party does not apply to the Court for a ruling on the designation of discovery material as "CONFIDENTIAL" within the time period prescribed herein or agreed to by the parties, the discovery material will no longer be deemed "CONFIDENTIAL." Nothing in this Order shall alter the burden on the disclosing party to establish the "CONFIDENTIAL" status of information it has so designated.

14. Nothing contained in this Order shall be construed to limit any party's right to use or offer in Court any "CONFIDENTIAL" information, except that no "CONFIDENTIAL" information shall be used or offered in Court or filed in the public record absent the consent of the disclosing party or permission of the Court.

15. Documents containing "CONFIDENTIAL" material shall not be filed with the Court unless the filing party reasonably believes it is reasonably necessary to do so for purposes of trial, motions (including without limitation, motions for class certification, preliminary injunction or summary judgment) or other Court matters.

　　　　a. Any party seeking to file information or materials designated CONFIDENTIAL with the Court shall lodge such material, in accordance with the requirements of the United States District Court, Central District of California Local Rule 79-5, in a sealed envelope or other container bearing the words CONFIDENTIAL to be

kept in a safe and secure place and not in files open to public inspection, along with an application setting forth good cause for the under seal filing. The envelope or other container shall bear the title of the action and a statement substantially in the following form:

> **"This envelope contains documents and/or information which are subject to a Protective Order. This envelope is not to be opened except by the Court."**

b. If the disclosing party is not the party filing the motion to seal, then the disclosing party shall make the showing required in its response to the motion.

c. Any motion to seal filed under any subsection of this Paragraph 16 shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion. The Clerk of the Court shall maintain the "CONFIDENTIAL" materials under seal until the Court rules on the motion to seal, subject to the provisions of the following Paragraph 17.

16. In the event the Court denies a motion to seal documents labeled "CONFIDENTIAL," the Clerk of the Court shall leave the documents under seal for a period of three (3) business days after the date of the Court's denial of the motion to seal. If the filing party initially designated the documents "CONFIDENTIAL," then within that three (3) day period, the filing party may, at its option, file replacement documents that do not contain "CONFIDENTIAL" material or any reference to "CONFIDENTIAL" material, in which case the documents initially filed under seal shall not be considered by the Court and shall remain under seal. If the filing party does not file replacement documents within the time period prescribed by this Paragraph, the material shall be filed unsealed in the Court file.

17. In the event that any "CONFIDENTIAL" material is used in any Court proceeding in connection with this litigation, it shall not lose its "CONFIDENTIAL" status through such use, and the parties shall take all steps reasonably required to protect

1  its confidentiality during such use. In particular, while a motion to seal is pending and
2  before the Court has ruled, no party shall make use in open court of any documents that
3  are subject to that motion to seal without the consent of the designating party or the
4  permission of the Court.

5        18.   Notwithstanding the parties' designation of "CONFIDENTIAL" material,
6  any court hearing that refers to or describes Confidential information may be held in open
7  court with records unsealed unless the Court orders, upon its own motion or upon a
8  Party's request, that the proceedings be conducted in camera, and any transcript relating
9  thereto be designated as "CONFIDENTIAL." Any Party who seeks to refer to or
10 describe Confidential information at a court hearing , and/or have the records unsealed,
11 shall provide the other Party(ies) seven days advance notice to allow the other Party(ies)
12 an opportunity to seek appropriate relief to limit the publication of any Confidential
13 information.

14       19.   If "CONFIDENTIAL" material is disclosed to any person other than in the
15 manner authorized by this Order, the person or party responsible for the disclosure must
16 seasonably bring all pertinent facts relating to such disclosure to the attention of counsel
17 for the disclosing party and, without prejudice to any other rights and remedies of the
18 parties or non-parties, make every effort to prevent further disclosure by it or by the
19 person who was the recipient of such material.

20       20.   Nothing in this Order shall preclude any parties or non-parties to the
21 lawsuit or their attorneys (a) from showing a document or part of a document designated
22 as "CONFIDENTIAL" to an individual who either prepared the document or is identified
23 on the face of the document as an addressee or copy addressee, or (b) from disclosing or
24 using, in any manner or for any purpose, any material or documents from the disclosing
25 party's own files which the disclosing party itself has designated as "CONFIDENTIAL."

26       21.   In the event any receiving party having possession, custody or control of
27 any "CONFIDENTIAL" material receives a subpoena, request for production of
28

8

documents, or other process or order to produce such material in another, unrelated legal proceeding, from a non-party to the above-captioned litigation, such receiving party shall:

    a.    give prompt written notice of the subpoena, request for production of documents, or other process or order to counsel for the disclosing party that designated the material as "CONFIDENTIAL";

    b.    furnish counsel for that disclosing party with a copy of said subpoena, request for production of documents, or other process or order; and

    c.    cooperate with respect to all reasonable and legitimate procedures sought to be pursued by the disclosing party whose interests may be affected. The disclosing party asserting the "CONFIDENTIAL" treatment shall have the burden of defending against such subpoena, process or order. The party receiving the subpoena, request for production of documents, or other process or order shall be entitled to comply with it except to the extent the disclosing party asserting the "CONFIDENTIAL" treatment is successful in obtaining an order modifying or quashing the subpoena, request for production of documents, or other process or order, provided, however, that the party receiving the subpoena, request for production of documents, or other process shall await the disposition of any motion to quash or motion for a protective order timely filed by the disclosing party before producing any "CONFIDENTIAL" information in response to the subpoena, request for production of documents, or other process or order.

22. The inadvertent production in the course of discovery in the above-captioned litigation of any documents or material (whether designated as "CONFIDENTIAL" or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to those documents or material produced or to other documents or material, so long as the disclosing party notifies the other party or parties of the claim of privilege or other protection or immunity. Upon receipt of such notice, all other parties shall (regardless of whether they agree with the disclosing party's claim of privilege or protection) promptly:

      a.    destroy or segregate all copies of the inadvertently produced documents or material in such party's possession, custody, or control, and notify the disclosing party that it has done so; and

      b.    notify the disclosing party that reasonable steps have been taken to retrieve and/or destroy the inadvertently produced documents or material from other persons to whom such documents or material have been provided, if any, consistent with Rule 26(b)(5)(B). Compliance with this Paragraph 22 does not, and shall not be deemed to, constitute agreement that the claimed document or material is in fact privileged or entitled to protection or immunity.

23. The parties shall comply with their ethical and legal obligations concerning the actual or apparent inadvertent production of privileged or protected information, including by notifying promptly a disclosing party when appropriate.

24. After the conclusion of the above-captioned litigation, including final appellate action or the expiration of time to appeal or seek further review, all non-public material produced by any disclosing party, regardless of whether it has been designated "CONFIDENTIAL," and all copies thereof, shall be maintained in a manner which will prevent the disclosure of such documents to persons not authorized to see them under the terms of this Order. Documents filed under seal on ECF shall remain under seal unless or until they are destroyed pursuant to the Court's document retention policy.

25. Except as specifically provided herein, the terms, conditions, and limitations of this Order shall survive the termination of the above-captioned litigation.

26. This Order is without prejudice to the right of any party or non-party to seek relief from the Court from any of the provisions contained herein.

27. This Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to all material (whether designated as "CONFIDENTIAL" or not) shall be only as provided by the discovery rules and other applicable law.

28. No party shall produce or be requested to produce or identify any material or information that the party is prohibited by law from disclosing under 31 U.S.C. § 5318(g), 31 CFR 103.18(e), 12 CFR 510.5 or any similar law, regulation, rule or court order.

29. The parties will abide by all Court orders and statutory provisions (including applicable law and/or court orders concerning such provisions) concerning the eligibility of each party to receive documents or other material through discovery. Any party that is eligible to receive such documents or material shall not provide any documents or material, or information that is contained in or derived from such documents or material, to any other party unless the other party also is eligible to receive such documents or material. Nothing in this Paragraph, however, shall be read to prevent the parties from filing documents in support of or in opposition to motions in this Court.

Denied without prejudice. No statement of good cause. (Rule 26)

DATED: January 16, 2014

/s/
Honorable Victor B. Kenton
United States Magistrate Judge

# EXHIBIT A

I have read and understand the Protective Order entered in the matter of *Stream SICAV v. RINO International Corp.*, *et al.,* Case No. 10-CV-8695 DDP (VBK), and agree to be bound by and abide fully with the terms of such order. I further understand that failure to ABIDE fully with the terms of such Protective Order may lead to sanctions being imposed by the court. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Signature

_____
Name (Printed)

_____
Date