UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STREAM SICAV, TODD MARX, JOHN DORMAN, AND LEE KARLSON, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>RINO INTERNATIONAL CORPORATION, DEJUN ZOU, JIANPING QIU, YI JENNY LIU, BEN WANG, KENNITH C. JOHNSON, XIE QUAN, WEIGUO ZHANG, LI YU, AND FRAZER FROST, LLP f/k/a MOORE STEPHENS WURTH FRAZER AND TORBET, LLP,<br><br>Defendants.<br><br>-----------------------------------------------X | CASE No.: CV 10-8695-DDP (VBKx)<br><br>CLASS ACTION<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DISTRIBUTION OF CLASS SETTLEMENT FUNDS** |

IT IS HEREBY ORDERED THAT:

1. The Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities and related fees and expenses) shall be distributed on a pro rata basis to the Authorized Claimants identified in Exhibits B-1, B-2, and B-3 to the Declaration of Josephine Bravata, at the direction of Lead Counsel, The Rosen Law Firm P.A., pursuant to the Amended Stipulation of Settlement, dated October 9, 2015 (the "Stipulation") (Docket No. 2885), and the Plan of Allocation set forth in the Notice that was distributed pursuant to this Court's prior Order.

2. Any person asserting any rejected or subsequently filed claims are finally and forever barred from the date of this Order.

3. The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund complies with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Class Members are barred from making any further claims against the Net Settlement Fund and the Released Parties beyond the amount allocated to them pursuant to this Order.

4. The checks for distribution to Authorized Claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Lead Counsel and the Claims Administrator, Strategic Claims Services ("SCS"), are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her or its check within said time.

5. If any funds remain in the Net Settlement Fund by reason of un-cashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be redistributed to Class members who have cashed their initial distributions and who would receive at least $10 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel.

6. Following distribution of the Net Settlement Fund, SCS is hereby ordered to maintain the completed Proofs of Claims on file for three years after the Effective Date as defined in the Stipulation.

7. This Court retain jurisdiction over any further application or matter which may arise in connections with this action.

Dated: August 10, 2018

SO ORDERED:

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE